JOHN LITTLE, Respondent, *v.* J. C. CURRIE, Appellant.

No Presumption in favor of Jurisdiction of Justices of the Peace. Nothing can be presumed in favor of the jurisdiction of a Justice of the Peace, but each step towards its acquirement must be affirmatively shown.

Affidavit for Publication of Summons. To obtain a legal service by publication of a summons against a non-resident, it must appear by affidavit, not only that the defendant is a non-resident, but also that a cause of action exists against him ; and a judgment procured in such a case before a Justice of the Peace, when the latter fact does not appear by affidavit, is void.

Order for Publication of Summons. An order for publication of summons, which fails to state any fact upon which it is founded, is fatally defective.

Order for Publication before Issuance of Summons Premature. Where an order, made by a Justice of the Peace upon the filing of an affidavit for publication of summons, directed that " summons be issued in this case as above entitled and be published, etc.": *Held,* that the direction for a summons to issue was not the office of such an order, and that if the summons did not already exist the order was premature.

Statutory Provisions for other than Personal Service. Statutory provisions for acquiring jurisdiction over a defendant by any other than personal service must be strictly pursued.

Judgment Void for want of Jurisdiction. A judgment by a Justice of the Peace against a non-resident, where the affidavit or order of publication is insufficient and there is no personal service nor any appearance, is absolutely void.

Appeal from the District Court of the First Judicial District, Storey County.

This was an action of ejectment for a lot of land in Virginia City. The facts are stated in the opinion.

*R. H. Taylor*, for Appellant.

*F. W. Cole*, for Respondent, on the point that the affidavit for publication of summons was insufficient, cited *Ricketson* v. *Richardson*, (26 Cal. 149) ; *Forbes* v. *Hyde,* (31 Cal. 342) and *Pollard* v. *Wegener*, (10 Wis. 574) ; and on the point that an order of publication made in advance of the issuance of summons was a nullity, he cited *People* v. *Huber*, (20 Cal. 81).

By the Court, Whitman, J. :

Upon the trial of this cause, (an action for the recovery of real

property) in the District Court, the defense was based upon a claim of title under execution and sale against respondent, which were had upon judgments ordered in a Justice's Court, in the cases of *Pinkerton* v. *Little* and *Cornwall* v. *Little*. The proceedings were the same in each case. The District Judge, against the objection of respondent, admitted in evidence the Justice's docket and accompanying papers, reserving his decision as to their validity and effect. Subsequently he decided that the Justice acquired no jurisdiction and that his actions were void. Judgment was given for respondent, from which and an order refusing a new trial, this appeal is taken, presenting the single question of error in the decision aforesaid.

By affidavit, order, and publication of summons, under the provisions of the Statutes of 1866, it was attempted to obtain service upon Little. The affidavit is as follows:

" STATE OF NEVADA,              ⎱
County of Storey, Virginia Township No. 2. ⎰

" A. CORNWALL ⎱
     *v.*     ⎰
JOHN LITTLE. ⎰

" Now comes plaintiff, A. Cornwall, and after being duly sworn, deposes and says: That he is the above named plaintiff; that he commenced the above entitled action on the fifth day of June, A.D. 1866, in the above named Court, to recover the sum of one hundred and thirty dollars. That he has a good cause of action against said defendant John Little, and that no part of the said sum of one hundred and thirty dollars has been paid. That said defendant, John Little, resides outside of the State of Nevada, to wit, in Meadow Lake City, Nevada County, State of California."   *   *

Upon the question of jurisdiction in the Courts of Justices of the Peace, nothing can be presumed in their favor; each step toward its acquirement must be affirmatively shown. To warrant an order for the publication of a summons, one of certain facts must exist, either that " the person upon whom the service is to be made resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State, or conceals himself

to avoid the service of summons"; and such fact must "appear by affidavit to the satisfaction of the Justice," conjoined with the fact that "a cause of action exists against the defendant." The affidavit in this case is sufficient on the one point, but not on the other; it states the fact of non-residence clearly, as it shows affirmatively the actual residence of Little in the State of California; but it states no fact from which it appears that a cause of action exists against him; it draws a legal conclusion, offering nothing from which the mind of the Justice could be informed, or upon which he could base a decision. Such a statement has been uniformly held bad. (*Ricketson* v. *Richardson*, 26 Cal. 153; *Forbes* v. *Hyde*, 31 Cal. 353.)

Upon this affidavit an order was issued reading thus: "Upon reading the foregoing affidavit, and good reasons appearing to me for so doing, it is ordered that summons be issued in the case as above entitled, and be published." * * This order fails to state any fact upon which it is founded; such failure has been held fatal. (*Ricketson* v. *Richardson*, 26 Cal. 149.) It also directs a summons to issue. This is not its office; the order should be that "service be made by the publication of the summons." Suit is commenced before the Justice by the "filing a copy of the note, etc., and the issuance of a summons thereon." The order is a direction of extraordinary manner of service, and presupposes the existence of a summons; otherwise it is premature. (*People* v. *Huber*, 20 Cal. 81.)

Further objections are made to the summons, to time of entering judgment, etc., but it is unnecessary to pursue this investigation. Statutory provisions for acquiring jurisdiction by any other than personal service must be strictly pursued. (*Jordan et al.* v. *Giblin et al.*, 12 Cal. 100; *Bayley* v. *Freeman*, 30 Cal. 610; *Forbes* v. *Hyde*, 31 Cal. 342; *People* v. *Huber*, 20 Cal. 81; *Pollard* v. *Wegener*, 13 Wis. 574; *Paul et al.* v. *Armstrong*, 1 Nev. 82.) Such course was not followed, but seems to have been studiously avoided in the actions of Pinkerton and Cornwall against Little.

No foundation for jurisdiction having been laid, none was obtained, and any and all proceedings subsequent to the affidavit and order recited were absolutely void; no valid judgment could have

been rendered except upon the personal appearance or submission of Little. The record shows that he never appeared, nor in any manner submitted himself to the jurisdiction of the Court.

The order and judgment of the District Court are correct, and are affirmed.