OF THE

## STATE OF NEVADA,

## APRIL TERM, 1883.

| 18 | 21 |
| 22 | 183 |

[No. 1149.]

## VICTOR MILL AND MINING COMPANY, PETITIONER, v. THE JUSTICE COURT OF TOWNSHIP No. 18, ESMERALDA COUNTY, NEVADA, RESPONDENT.

JUSTICE OF THE PEACE—SUMMONS BY PUBLICATION—NO PRESUMPTION IN FAVOR OF JURISDICTION.—Nothing can be presumed in favor of the jurisdiction of a justice of the peace. The statutory provisions for acquiring jurisdiction by other than personal service must be strictly pursued. The affidavit for publication of summons must set forth the probative facts upon which the ultimate facts depend. It is not sufficient for the order to state that the ultimate facts "appear to the satisfaction of the court."

IDEM—SECTIONS OF CIVIL PRACTICE ACT APPLICABLE TO JUSTICES' COURTS—The civil practice act, sections 1093 to 1097, 1 Compiled Laws, both inclusive, relating to service of summons, are applicable to justices' courts.

AFFIDAVIT FOR PUBLICATION OF SUMMONS—SUFFICIENCY OF.—An affidavit for publication of summons against a foreign corporation must show that the corporation had no officer within the state upon whom personal service could be made, and must state the facts showing what diligence had been used to obtain personal service. An affidavit which merely states that the constable had returned the summons not served, and that due diligence had been used to find defendant, is not sufficient.

WHEN COPY OF COMPLAINT AND SUMMONS MUST BE DEPOSITED IN POSTOFFICE—
RESIDENCE OF DEFENDANT.—If service is made by publication, and the res-
idence of the absent defendant is known, the service is void unless the
court directs a copy of the complaint and summons to be deposited in the
postoffice, directed to the person to be served, at his place of residence.

IDEM—ORDER FOR DEPOSIT MUST BE MADE BY THE COURT.—A deposit made
by an attorney without an order of court is insufficient.

AFFIDAVIT FOR PUBLICATION OF SUMMONS MUST STATE THE CAUSE OF ACTION.—
The affidavit must state the facts necessary to show that a cause of action
exists against the defendant. An averment that the amount claimed was
" due from the defendant to plaintiff" is simply an allegation of a legal
conclusion, and is insufficient.

APPLICATION for writ of *certiorari*.

The facts are stated in the opinion.

*P. Reddy* and *R. M. Clarke*, for petitioner :

1.   The affidavit for publication is wholly insufficient.

It is not shown that service of summons upon the defend-
ant could not be made in accordance with the provisions of
section 1092, Comp. Laws.   In granting the order for publi-
cation the justice acts judicially, and can know nothing
about the facts upon which the order is to be granted
except from the affidavit.   (*Ricketson* v. *Richardson*, 26
Cal. 154.)   The affidavit must show whether the residence
of defendant is known; if known, the residence must be
stated, and if unknown that fact must appear.   (*Ricketson*
v. *Richardson*, 26 Cal. 154; *Braly* v. *Seaman*, 30 Cal.
610.)   The affidavit does not show that due and diligent
search was made for defendant within the State, and that it
could not be found.   (*Swain* v. *Chase*, 12 Cal. 285.)   The
existence of a cause of action is a jurisdictional fact which
must appear by the affidavit, and if it does not the order
based upon it is void.   (*Little* v. *Currie*, 5 Nev. 91; *Roy* v.
*Whitford*, 9 Nev. 370 ; *Ricketson* v. *Richardson*, 26 Cal.
149 ; *Braly* v. *Seaman*, 30 Cal. 610 ; *Forbes* v. *Hyde*, 31
Cal. 342.)

II.   The justice cannot go outside of the affidavit to be
satisfied as to the existence of a good cause of action against
defendant.   (*Forbes* v. *Hyde*, 31 Cal. 342 ; *Crandall* v.
*Bryan*, 15 How. Pr. 48.)

No appearance by respondent.

By the Court, LEONARD, J.:

The petitioner seeks to review, by *certiorari*, the action of respondent in an action entitled *A. Hassett, Plaintiff*, v. *Victor Mill & Mining Company, Defendant*, wherein judgment by default was rendered and entered of record against the defendant therein, November 17, 1881, for the sum of two hundred and seventy-three dollars damages, besides eighty-seven dollars and forty-one cents interest, and forty dollars and ten cents costs. It is alleged in the petition, among other things, that the defendant in said action was never served with summons or complaint; that no service of summons was made on any officer, agent, or servant of the defendant; that no service of summons was made by posting copies thereof in said township No. 18; that no attorney was appointed by said justice court to appear in behalf of the defendant; that the defendant never knew or was cognizant of the pendency of said action until September 1, 1882, or thereabouts. There is nothing in the court's return which contradicts the above allegations of fact. The defendant's time for appeal did not lapse, therefore, by its own fault. An attempt was made to get service upon the defendant by publication, but it is not claimed there was personal service. A complete transcript of the record and proceedings of the court in said action is before us, and it is to be decided therefrom whether respondent acquired jurisdiction of the person of the defendant. If it did not, the judgment rendered in said action is null.

It is well settled in this and other courts that nothing can be presumed in favor of the jurisdiction of a justice of the peace, but that each step towards its acquirement must be affirmatively shown; that the statutory provisions for acquiring jurisdiction over a defendant by any other than personal service must be strictly pursued; that an affidavit for publication of summons, which merely reports the language of the statute or its substance, is not sufficient, but the ultimate facts of the statute must be proved by the affidavit, by

showing the probative facts upon which the ultimate facts depend ; and that it is not sufficient for the order to state that the ultimate facts "appear to the satisfaction of the court," but they must be sustained by the probative facts stated in the affidavit. The probative facts set out in the affidavit must be sufficient to justify the court in being satisfied of the existence of the ultimate facts required by the statute before it has jurisdiction to order service of summons by publication. (*Little* v. *Currie*, 5 Nev. 90 ; *Roy* v. *Whitford*, 9 Nev. 372 ; *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 382.)

The civil practice act relating to service of summons, from sections 1093 to 1097, Comp. Laws, both inclusive, are applicable to justices' courts. Section 1092 is not made applicable, in direct terms, but it must be read in connection with former ones, for the purpose of ascertaining what the affidavit and order for publication should contain, in order to satisfy the law and make the service complete. Section 1093 provides that "when the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself to avoid the service of summons, or, being a corporation or joint-stock association, cannot be served as provided in section 29 (Comp. Laws 1092), and the fact shall appear by affidavit to the satisfaction of the court or a judge thereof, and it shall in ·like manner appear that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of the summons." It is plain from this section that a corporation must, if possible, be served as required by section 1092 ; and if it cannot be so served, then, upon proof of the fact by affidavit to the satisfaction of the court, service may be made by publication, if the affidavit also shows a cause of action against the person to be served, or that he is a necessary or proper party.

Section 1092 provides that " * * * if the suit be

against a foreign corporation  *   *   *  doing business in this state, the summons shall be served by delivering a copy thereof, attached to a certified copy of the complaint, to an agent, cashier, or secretary, president, or other head thereof; provided, that if the suit be against a corporation organized under the laws of the state of California, in addition to such personal service, a copy of the summons, attached to a certified copy of the complaint, shall be deposited in the postoffice, addressed to the president and trustees of said corporation, at their place of business in the state of California, if the same is known, or can by due diligence be ascertained.''

By section 1094 it is provided that   "*   *   *. in case of publication, where the residence of a non-resident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the postoffice, directed to the person to be served, at his place of residence.''

Let us now test the affidavit and order for publication by the requirements of the section from which we have quoted. Petitioner is a California corporation doing business in this state.   The only showing made in the affidavit that the defendant could not be served as required by section 1092 was the following :   "That defendant has no agent or person upon whom service of summons can be had, and this affiant, in support thereof, states the following facts and circumstances :   That a summons was duly issued out of this court, directed to the constable thereof, with instructions to said constable to serve the same ; that the said constable has returned the same not served ; that affiant has made diligent inquiry to find said defendant, but cannot, after due diligence, find it within this state.''

The matters set forth in an officer's return are presumed to be true, but the presumption as to what he has done does not extend beyond the facts stated by him.   Here, by the affidavit, it was shown that the constable had returned the summons not served.   That fact did not tend to prove that it could not be served according to the requirements of

section 1092. It was not proof that the defendant had no officer in the state upon whom personal service could be had. The plaintiff also stated in his affidavit that he had made diligent inquiry to find the defendant, and that, after due diligence, it could not be found in the state. Of course, the defendant could not be found in the state because it was a foreign corporation. Its residence was in California. But it may have had an officer here, upon whom service could have been made under section 1092, and if that·was the case the court had no right or power to order service by publication. It was then incumbent upon the plaintiff to show that the defendant did not have such officer in the state, by setting out the facts showing what diligence he had used, what he had done in attempting to ascertain the required information. It may be that if the plaintiff had stated the diligence used, and the grounds of his belief, the court's conclusion would have been different from his. There was not a sufficient showing that the defendant could not be served according to the requirements of section 1092. Again, if service is made by publication, and the residence of the non-resident or absent defendant is *known*, the service is void unless the court directs a copy of the summons and complaint to be deposited in the postoffice, directed to the person to be served, at his place of residence. If the residence is known, such deposit is an indispensable part of the service.

In this case the affidavit contained no statement as to the defendant's residence, and the court made no order directing the deposit. Plaintiff may have known the residence. If he did, he should have stated it in his affidavit; the court should have made the requisite order, and the return in this proceeding should have shown a full compliance therewith. Nothing less, at least, than an affidavit to the effect that plaintiff did not know defendant's residence, could justify the failure to order the depositing of copies of the complaint and summons in the postoffice directed as required. Whether or not the affidavit should also state facts showing sufficient diligence in attempting to ascertain

the residence, we do not deem it necessary to decide. We cannot presume that plaintiff did not know the defendant's residence, and, without that presumption, the return would not show a legal service, even though we should conclude that the affidavit contained facts sufficient to justify the court in deciding that service could not be made under section 1092. There is, however, in the return, an affidavit of plaintiff's attorney to the effect that on the seventeenth day of October, 1881, three days after the date of order for publication was made, he deposited in the postoffice at Candelaria, Nevada, a copy of the summons attached to a certified copy of the complaint in said action, postage fully prepaid, directed to the president and trustees of the Victor Mill & Mining Company, at San Francisco, California. But that neither justified the order of publication nor aided the attempted service. The place of residence was not stated in the affidavit, and the court did not order the deposit in the postoffice. Without an order so to do, the deposit was a mere gratuitous act on the part of the attorney. It did not cure what had already been done.

Again, the affidavit must show that a cause of action exists against the defendant. The complaint filed stated a cause of action, but the affidavit did not, and the complaint was not sworn to. Besides, the order for publication shows upon its face that the court did not consider the complaint in making the order. Nor could it have done so, in any event, since it was not incorporated in the affidavit. These are the only statements of a cause of action in the affidavit, viz., "that said action is brought to recover $273 due from the defendant to the plaintiff, on account, for work and labor done for defendant at Candelaria, Nevada, between March 15, 1879, and March 15, 1880, a voucher or statement of which is attached to my complaint herein, and interest on the same sum." That the amount claimed was "due from defendant to plaintiff" is simply a legal conclusion, and there is no allegation or statement that the work was done at the defendant's request. It may have been done voluntarily on the plaintiff's part. At any rate, the contrary does

not appear from the affidavit upon which the court acted. (*Huguet* v. *Owen*, 1 Nev. 466; *McManus* v. *Ophir S. M. Co.* 4 Nev. 16; *State Tel. Co.* v. *Patterson*, 1 Nev. 150.)

Our opinion is that the order for the publication of summons was void, and that the court acquired no jurisdiction of the person of the defendant in said action.

The judgment rendered therein is annulled.