[No. 2237]

EDWARD ALSTON PERRY, PETITIONER, v. THE
DISTRICT COURT OF THE SEVENTH JUDI-
CIAL DISTRICT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF ESMERALDA;
J. EMMETT WALSH, JUDGE OF SAID COURT, AND
LUCY LAND PERRY, RESPONDENTS.

[174 Pac. 1058]

1. JUDGMENT—OPENING DEFAULT—STATUTE.
    Rev. Laws, 5084, providing that when summons and copy
    of complaint have not been personally served, court may
    allow defendant within six months to answer to merits, was
    made to cover cases only in which there was valid service by
    publication.

2. DIVORCE—LACK OF SERVICE—NULLITY OF DECREE.
    If wife, in husband's divorce action, was not served with
    summons, decree of divorce was void ab initio for lack of
    jurisdiction in court to enter it.

3. DIVORCE—SERVICE BY PUBLICATION—AFFIDAVIT.
    Affidavit, in husband's divorce action, that wife's address
    was unknown to him, and that, after due diligence, she could
    not be found in state, so that summons could not be served upon
    her there, did not contain statement of facts contemplated by
    Rev. Laws, 5026, authorizing service by publication.

4. DIVORCE—ORDER OF PUBLICATION—AFFIDAVIT—STATUTES.
    Where husband suing for divorce knew wife was nonresi-
    dent when he filed affidavit for order of publication, wherein
    he did not say she was or was not, or that he did not know
    her residence, court, in view of Rev. Laws, 5027, acquired no
    jurisdiction to order publication of summons and decree.

5. PROCESS — SERVICE BY PUBLICATION — DEROGATION OF COMMON
    LAW.
    Statutes providing for service by publication, whether in
    court of record or justice court, being in derogation of common
    law, must be strictly construed and followed to give court
    jurisdiction over person.

PETITION for certiorari to review an order vacating
and setting aside decree for divorce by Edward Alston
Perry against the District Court of the Seventh Judicial
District of the State of Nevada, in and for the County
of Esmeralda, J. Emmett Walsh, Judge of said court,
and Lucy Land Perry.  **Writ dismissed.**

*M. A. Diskin,* for Petitioner:

The district court exceeded its jurisdiction in making
the order setting aside the judgment rendered October

27, 1914, as the motion to set aside the decree of divorce was not made until approximately eight months after the rendition of the judgment.

When is a judgment rendered? "Where the statute refers to the rendition of judgment it means the formal announcement by the court, and does not mean the entry of the same by the clerk." Central Trust Co. of California v. Holmes Mining Co., 30 Nev. 437.

The time within which the defendant may move commences to run from the rendition of the judgment. Rev. Laws, 5084; Rule 40, Dist. Court. The court had no power or jurisdiction to set aside a judgment unless the motion was made within six months after the rendition of judgment. Lang Syne Gold M. Co. v. Ross, 20 Nev. 127; Construction Company v. Crawford, 141 Pac. 474; Chandler v. Probate Court, 141 Pac. 635; Smith v. McCormick, 157 Pac. 1010.

The decree of divorce and the minutes of the court recite that the default of the defendant was duly entered. This was sufficient. Sacramento Bank v. Montgomery, 81 Pac. 138. The entry of default is not a prerequisite to the entering of a judgment. Hibernia S. & L. Soc., 48 Pac. 370.

After the expiration of six months the court had no jurisdiction to open the default and permit the defendant to answer. Clarke v. Strauss, 11 Nev. 76; Daniels v. Daniels, 12 Nev. 118; Horton v. Newpass, 21 Nev. 184. "If the respondent has any rights, he must assert them in a court of equity." 5 Cal. 40.

The law distinguishes between the vacation of a judgment and the opening of a judgment. R. C. L., vol. 15, sec. 177, p. 123; 23 Cyc. 967. "By asking to have the judgment opened up, they may have so recognized its validity as to preclude them from insisting that no judgment had ever been rendered." Board v. Walter, 112 Pac. 599.

*Thompson & Thompson,* for Respondents:

The application to set aside the judgment and allow the defendant to appear was filed within six months

after the filing of the findings of fact and decree with the clerk of the court. Rev. Laws, 5084; Stanton-Thompson Co. v. Crane, 24 Nev. 181; Storke v. Storke, 116 Cal. 51. An order or decree has no validity until it is at least delivered to the clerk for filing. Schultz v. Winter, 7 Nev. 130.

Certiorari is allowed only where there is no appeal. Rev. Laws, 5684. Proceedings in certiorari will not lie where an appeal could have been resorted to. Chapman v. Justice Court, 29 Nev. 161; LaDue v. Forbes, 124 Pac. 867; Holmboe v. Hermond, 121 Pac. 154; Stoddard v. Superior Court, 108 Cal. 305. "If, in the case at bar, the petitioner had an appeal, the motion to quash the writ must be granted." Dahlstrom v. Portland M. Co., 85 Pac. 918; Bennett v. Wallace, 43 Cal. 25; Milliken v. Huber, 21 Cal. 167.

A judgment entered without jurisdiction is void. 1 Black, Judgments, 218. A judgment void upon its face may be set aside at any time. Idem, sec. 307. A judgment against a nonresident, where the affidavit or order for publication is insufficient and there is no personal service nor any appearance, is absolutely void. Little v. Currie, 5 Nev. 90. The statute requires that "in case of publication where the residence of a nonresident is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post-office, directed to the person to be served at his place of residence." Rev. Laws, 5027. The affidavit does not give the residence of the defendant, nor does it state that the plaintiff does not know her residence. It says "that the defendant's *address* is unknown to the plaintiff." This makes the affidavit insufficient. Victor M. Co. v. Justice Court, 18 Nev. 26; Ricketson v. Richardson, 26 Cal. 149.

By the Court, COLEMAN, J.:

This is a proceeding in certiorari. Petitioner obtained a decree of divorce in respondent court on December 31, 1914, against Lucy Land Perry. Thereafter the defendant in the divorce action, through her attorney, moved

the court to set aside the decree granting the divorce. Numerous grounds were urged as a basis for the motion. The court set a date for the hearing of the motion, notice of which was served upon the attorney who represented the plaintiff in the divorce action. Upon the hearing the court entered an order vacating and setting aside the decree mentioned. The present proceedings are to review the order of the court thus made.

The only ground urged as a basis for the contention that the district court was without jurisdiction to set aside the decree of divorce is that the application therefor was not made within six months from the entry of the decree of divorce. It is insisted that the right to set aside the decree in this case is limited to the right conferred by section 5084, Revised Laws, wherein it is provided:

"* * * And when, from any cause, the summons and a copy of the complaint in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

1. In our opinion, this section does not apply to this case. The statute quoted was made to cover cases in which there was a valid service by publication. The court, in entering the order vacating the decree of divorce, found that the defendant "was not served with summons in said cause, as required by law." The court also found:

"That said plaintiff, Edward Alston Perry, knew that defendant had been committed to the state hospital for the insane at Raleigh, N. C. He also knew that she had been taken from said last-named institute to Dr. C. O. Sahler's institute in the State of New York, where said defendant has remained and is located at the present time. That said plaintiff knew all of these facts before he commenced the above-entitled suit, and at the time he made the affidavit for publication of summons in the above suit. That said plaintiff appeared in the superior

court of Halifax County, N. C., before the clerk thereof and objected to certain allowances being made out of the estate of defendant for her care and support at said last-named institute. That said objections were made by plaintiff in the month of July, 1913, about three months prior to his making the said affidavit for publication of summons in this cause. That at the time said plaintiff, Edward Alston Perry, made the said affidavit to secure an order to serve the summons in the above cause by publication, he knew the residence and the post-office address of the defendant, and he knew that she had a general guardian and that she was in the care of Dr. C. O. Sahler at his said institute. He knew when he stated in said affidavit 'that the defendant's address is unknown to plaintiff,' that the same was false, and was done for the purpose of preventing said defendant, her guardian, or said Dr. C. O. Sahler from being served with summons, or receiving any notice of the commencement of said suit."

2. It was upon these findings that the court based the order vacating the decree of divorce. If the finding that the defendant in the divorce action was not served with summons can be sustained under the law, then the decree of divorce was null and void ab initio for lack of jurisdiction in the court to enter it, and hence these proceedings must be dismissed. In our opinion, the court never acquired jurisdiction to make the order of publication of summons or enter the decree of divorce. The section of our statute which authorizes the service of summons by publication (Rev. Laws, 5026) reads:

"When the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons and the fact shall appear by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a necessary or proper party to the action, such court or judge

may grant an order that the service be made by the publication of the summons." ·

The portion of the affidavit which was filed in the divorce action, whereby it was sought to show that personal service could not be made upon the defendant, reads:

"That the defendant's address is unknown to the plaintiff, and that, after due diligence on the part of the plaintiff, the defendant herein cannot be found in the State of Nevada, so that summons cannot be served upon her in this state."

3. Without considering the feature of fraud which is involved in the charge that the affidavit was false, and that affiant knew it to be false, we are of the opinion that the affidavit did not contain such a statement of facts as is contemplated by the statute. It does not purport to state any fact whatsoever from which the court might conclude that due diligence had been used to ascertain whether or not the defendant could be found in the state. It contains the mere conclusion of the affiant. We are clearly of the opinion that such an affidavit is wholly defective and confers no jurisdiction whatever upon the court to enter an order of publication. The language of the Supreme Court of California in Ricketson v. Richardson, 26 Cal. 153, where the statute and affidavit under consideration were almost identical with ours, is so appropriate that we quote from it at length with approval:

"An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts which must be made to appear, leaving the detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit by showing the probatory facts upon which each ultimate fact depends.

These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate: It is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence or the facts showing that he is a necessary party should be stated. To hold that a bald repetition of the statute is sufficient is to strip the court or judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the court or judge from the probatory facts, stated in the affidavit, before the order for publication can be legally entered.

"The affidavit must show whether the residence of the person upon whom service is sought is known to the affiant, and, if known, the residence must be stated. It is true that this is not required in terms in the thirtieth section, which is more especially devoted to the affidavit; but, as we have already said, the whole statute upon the subject of service by publication is to be read together, and the thirty-first section requires that where the residence is known the order shall direct a copy of the summons and complaint to be forthwith deposited in the postoffice, directed to the person, to be served at his place of residence. In granting the order, the court or judge acts judicially and can know nothing about the facts upon which the order is to be granted, except from the affidavit presented by the applicant.

"There is no other way of bringing the fact of residence to the judicial knowledge of the court or judge. That the fact of residence should appear in the affidavit is therefore necessarily implied from the whole tenor and scope of the statute. * * * Where this kind of service is sought, the proceedings should be carefully scrutinized and strict compliance with every condition of the

law exacted; otherwise its provisions may lead to gross abuse, and the rights of person and property made to depend upon the elastic consciences of interested parties, rather than the enlightened judgment of a court or judge."

But we need not look further than the decisions of our own court for authority to sustain our conclusion. In Victor M. & M. Co. v. Justice Court, 18 Nev. 21, 1 Pac. 831, it was said:

"The statutory provisions for acquiring jurisdiction over a defendant by any other than personal service must be strictly pursued; that an affidavit for publication of summons, which merely reports the language of the statute or its substance, is not sufficient, but the ultimate facts of the statute must be proved by the affidavit, by showing the probative facts upon which the ultimate facts depend, and that it is not sufficient for the order to state that the ultimate facts 'appear to the satisfaction of the court,' but they must be sustained by the probative facts stated in the affidavit. The probative facts set out in the affidavit must be sufficient to justify the court in being satisfied of the existence of the ultimate facts required by the statute before it has jurisdiction to order service of summons by publication. Little v. Currie, 5 Nev. 90; Roy v. Whitford, 9 Nev. 372; Scorpion S. M. Co. v. Marsano, 10 Nev. 382."

In the case of Bender v. Hutton, 160 Cal. 372, 177 Pac. 322, wherein the affidavit for service by publication stated "that the last known address of said defendant was and is Clovis, New Mexico, and this defendant now resides at Clovis, New Mexico," the trial court refused to enter an order directing publication of summons, and on petition for a writ of mandamus to compel the entry of such an order the court, speaking through BEATTY, C. J., observed:

"He is entirely justified, therefore, in requiring a statement of the grounds of the affiant's belief in order to determine whether they are sufficient to satisfy the mind and conscience of a reasonable man that the fact is as alleged. This involves no hardship to the plaintiff,

for in making his showing he is not limited to his own affidavit, and if he or his witnesses have good grounds for their belief it will always be easy to state them, and if they have not he has no right to the order. The practice, therefore, of requiring reasonably strict proof of the place of residence of the defendant when publication of summons is sought upon the ground that he resides out of the state, so far from deserving reproof is much to be commended."

In the case of Evans v. Evans, 118 Pac. 177, the Supreme Court of Washington held that while "there was a studied effort on plaintiff's part to comply with the several requirements of the letter of the statute, so as to make the record in the divorce suit appear valid, the spirit of the law was wilfully violated by him, and no notice was given to the defendant of the attempt to secure a dissolution of the marriage."

4. Furthermore, it appears from the record in this matter that petitioner knew that his wife was a nonresident of the State of Nevada at the time he filed his affidavit for an order of publication. In his affidavit he did not say that she was or was not a nonresident, or that he did not know her residence, for which reason also the court acquired no jurisdiction to enter the order of publication of summons and the decree.

Rev. Laws, 5027, provides that:

"In case of publication, where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the postoffice, directed to the person to be served at his place of residence."

In Victor M. & M. Co. v. Justice Court, supra, it is said:

"In this case the affidavit contained no statement as to the defendant's residence, and the court made no order directing the deposit. Plaintiff may have known the residence. If he did, he should have stated it in his affidavit; the court should have made the requisite order, and the return in this proceeding should have shown a full compliance therewith. Nothing less, at least, than

an affidavit to the effect that plaintiff did not know defendant's residence, could justify the failure to order the depositing of copies of the complaint and summons in the postoffice directed as required. Whether or not the affidavit should also state facts showing sufficient diligence in attempting to ascertain the residence, we do not deem it necessary to decide. We cannot presume that plaintiff did not know the defendant's residence, and, without that presumption, the return would not show a legal service, even though we should conclude that the affidavit contained facts sufficient to justify the court in deciding that service could not be made under section 1092."

Section 1092, mentioned in the quotation just given, is, in legal effect, as appears in the opinion of the court, the same as the extract from section 5027, Revised Laws, supra.

5. The case last cited grew out of an action in the justice court, but we cannot see that that fact would in any way affect the situation; for statutes providing for service of summons by publication, whether in a court of record or in a justice court, are in derogation of the common law, and must be strictly construed in order to give the court jurisdiction over the person of the defendant. Ricketson v. Richardson, supra.

For the reasons given, it is ordered that the writ be dismissed.