L. T. BROCKBANK, JR., RELATOR, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, HON. A. J. MAESTRETTI, JUDGE IN DEPARTMENT NO. 2 THEREOF, AND J. B. LaGUE, RESPONDENTS.

No. 3563

December 22, 1948.                    201 P.2d 299.

*H. R. Cooke,* of Reno, for Relator.

*M. J. Scanlan,* of Reno, and *C. Lester Zahniser,* of Sparks, for Respondents.

## OPINION

By the Court, EATHER, C. J. :

The petition filed November 22, 1948 recites that the district court is about to set down for hearing a suit against him, No. 118865, department 2, enter a default and give a judgment clouding his title to mining claims, all without jurisdiction and in the absence of compliance with the Nevada law respecting the constructive service of summons.

Respondents' return filed December 3, 1948 does not deny intention to proceed as charged, but contends that the omission charged is not fatal to jurisdiction over the person of petitioner; that the defect was waived by a general appearance and that a plain, speedy and adequate remedy at law is open to petitioner in the ordinary course of procedure in the suit.

Petitioner, on December 7, 1948, filed a pleading in the nature of a general demurrer to the respondents' return.

Inasmuch as there is no dispute as to the facts considered controlling, and the question is a narrow one of law, our decision will be directed to a solution of the legal

issue without segregating the demurrer for an express ruling.

From the petition and return we find the following situation to exist:

The action by J. B. LaGue against L. T. Brockbank, Jr. seeks to require specific performance of an alleged contract for the sale of mining claims and to order their sale and conveyance to plaintiff by defendant, or if he fails to do so, that the clerk of the court be directed to execute and deliver such a conveyance.

The complaint was verified May 18, 1948 and filed July 17, 1948. An alias summons was issued July 30, 1948 and was returned and filed August 13, 1948, with an affidavit alleging service by delivery to defendant in New York City August 10, 1948. There is no record of the original summons as, ordinarily, there should be to authorize the alias.

On August 3, 1948, an affidavit for the service of summons, verified May 5, 1948, was filed in the district court, together with the tender and filing of an order complete except for the date in August 1948, and except for the signature of the district judge or an attestation by the clerk that it was made by the court or any minute order directing that the order of service be granted.

On November 16, 1948, the district court heard and denied a motion by the defendant, appearing specially for that purpose only, to "quash and set aside the alleged and pretended service of summons * * *."

The written decision of the court on the motion indicates that there was an issue of fact as to whether process was actually served on defendant by delivering to him personally in New York a copy of the summons with a certified copy of the complaint annexed. The decision, however, was based on a finding that while the order for service of summons filed August 3, 1948, was not signed, there was a substantial compliance with the law, and the omission did not prevent a valid service of summons under the law relating to constructive or substituted service.

The district judge in his opinion frankly admitted that "by the record" it was true that "the court made no order for the publication of summons." The decision stated, however, that "there is a general presumption of law that those things required to be done by persons charged with an obligation to perform them are deemed to have been done."

The decision also analyzed another controversial matter. The affidavit for the service of summons was filed August 3, 1948, but it was made and verified May 5, 1948, at a time when, contrary to its recital, no complaint was then on file and no summons was then issued or outstanding. The district court found that the affidavit was such as to require action, and action was presumed although no action was in fact taken.

Assuming (but not deciding) that some action was required, we find no basis for a conjecture as to what the nature of such action should be, favorable or otherwise.

In keeping with the theory of the district court in its decision on the motion to quash, the return of the respondent to this court sets out:

1. That a copy of the summons and complaint was actually delivered to defendant in New York (on August 10, 1948), and thereby jurisdiction over the person of defendant was acquired.

2. That defendant suffered no irreparable injury by reason of the fact that the affidavit for service and the order for service was not filed until three months lacking two days after the affidavit was made.

3. That the defendant suffered no irreparable injury by reason of the failure of the court to sign the order for service of summons.

4. That the petition in this court attacking the sufficiency of the affidavit for service of summons, is equivalent to a general demurrer and constitutes a general appearance by defendant (in the case of the lower court).

5. That the petitioner had a remedy at law by way of a special demurrer to the jurisdiction of the court below over the person of defendant.

6. That the defendant has (will have) a remedy at law by appeal after judgment in the lower court.

The gravamen of the petition is that the order for service of summons was filed in said cause (August 3, 1948) but was "never signed or authorized by the judge of said court." Reference is made to the decision denying defendant's motion to quash the service of summons in which the district judge admits the order was never signed but asserts nevertheless, it should be deemed "authorized."

■ Although the issues of law are not clearly tendered and joined by the pleadings in this court, we consider one circumstance determinative of the matter before us, and establishing that the court below has not now and never had any jurisdiction over the defendant in the suit. That circumstance is the admitted failure of the district judge to sign the order tendered to him for signature. All the other circumstances appearing before us are unnecessary for determination in the presence of the primary and fatal omission of an indispensable step in the inception of jurisdiction over defendant.

We do not determine whether under any circumstances the plaintiff can obtain an enforceable personal judgment in the absence of personal service within this state or general appearance. See Nahas v. Nahas, 59 Nev. 220, at page 225, 90 P.2d 223, 92 P.2d 718.

■ We do not determine that the court below is barred from considering any application that may be made upon a valid summons for an order for the service thereof, either in this or subsequent suit. The first step in any action is the filing of the complaint and the issuance of summons. Sec. 8573, N.C.L.1929. No leave of court is needed to take that step.

■ However, for constructive or substituted service of summons faithful observance of the statute is essential. 1929 N.C.L.1941 Supp., sec. 8582.

In Coffin v. Bell, 22 Nev. 169, at page 183, 37 P. 240, 241, 58 Am.St.Rep. 738, Justice BIGELOW said: "Where

constructive service of summons is relied upon to sustain a judgment, a strict compliance with the provisions of the statutes is required (citing cases) ; otherwise the court obtains no jurisdiction over the defendant * * *."

This principle is stated also in Perry v. District Court, 42 Nev. 284, at pages 291 and 293, 174 P. 1058, 1060, wherein it is said: "* * * for statutes providing for service of summons by publication, whether in a court of record or in a justice court, are in derogation of the common law, and must be strictly construed in order to give the court jurisdiction over the person of the defendant."

The case of Little v. Currie, 5 Nev. 90, is also cited in Perry v. District Court, 42 Nev. at pages 291, 174 P. 1058, as authority for similar statement: "The statutory provision for acquiring jurisdiction over a defendant by any other than personal service must be strictly pursued; * * *."

Respondent suggests that by a species of voluntary appearance the defendant in the case accepted jurisdiction of the court over his person (or over the subject matter if considered an action in rem).

■ Without rejecting the authorities relied on by respondent we find the defendant in the case at bar did not enter a general appearance but his action at all times was a resistance to and a rejection of the asserted jurisdiction of the court in the pretended compliance with the statutes governing the service of process.

Defendant's motion to quash declared specifically that he appeared specially and only for the purpose of the motion. He appeared attacking and not asserting or admitting the jurisdiction of the district court to hear, try or determine the suit in which he was named defendant.

■ Concluding as we do that the trial court has not and never had jurisdiction over the person of relator and has no jurisdiction to proceed against him in the case below at this time, the alternative writ of prohibition heretofore issued, is made permanent. Nothing herein

shall prohibit said court or any judge thereof from determining any matter hereafter presented to it or him for the purpose of acquiring jurisdiction over the defendant in the pending suit or any subsequent suit against him.

It is so ordered.

HORSEY and BADT, JJ., concur.