THE STATE OF NEVADA ON THE RELATION OF H. J. CRUMMER, RELATOR, v. THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO, AND THE HONORABLE MERWYN H. BROWN, JUDGE THEREOF, RESPONDENTS.

No. 3688

December 18, 1951.                    238 P.2d 1125.

*Hawkins, Rhodes & Hawkins, Clarence Hawkins,* and *John Belford,* all of Reno, for Relator.

*Woodburn, Forman & Woodburn, Gordon R. Thompson,* of Reno, and *Orville R. Wilson,* of Elko, for Respondents.

## OPINION

By the Court, EATHER, J.:

In this matter an alternative writ of prohibition was issued directing the respondents to refrain from further proceedings in an action before respondent court.

Relator challenges the jurisdiction of respondent court upon the ground that due and legal service of process upon the defendant in the pending case has not been made. The validity of the service of process has been challenged upon a great number of grounds. Petitioner contends that the affidavit for publication of summons is defective in many respects, that the order for publication of summons is defective, and that the service attempted was in itself defective.

It appears from the record that relator is a resident of the state of Nevada; that he was served by personal delivery of summons and copy of complaint in the state of California while temporarily absent from the state of Nevada; that the action in which he was served is one in personam. Under these circumstances the applicability of the case of Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 281, is raised, relator contending that in the absence of a statute expressly providing for the foreign service of residents of the state in an action in personam, Milliken v. Meyer, supra, cannot apply; that the provisions of our sections 8582 and 8583, N.C.L. 1931–1941 Supp., cannot constitutionally be construed to permit such service of process.

A careful examination of all the points raised by relator discloses that upon one point at least, that of the

sufficiency of the affidavit, his position must be sustained. In the light of our view on this matter no one of the other points raised need be discussed in this opinion.

Where constructive service of summons is relied upon, a strict compliance with the statute is required. Coffin v. Bell, 22 Nev. 169, 37 P. 240, 58 Am.St.Rep. 783; Brockbank v. District Court, 65 Nev. 781, 201 P.2d 299. Statutes providing for constructive service, being in derogation of the common law must be strictly construed. Perry v. District Court, 42 Nev. 284, 174 P. 1058.

The affidavit for publication of summons is attacked upon the ground that it does not state facts sufficient to justify the court in concluding that relator had departed from the state of Nevada at the time the order for publication was signed.

Section 8582, N.C.L.1931–1941 Supp., in this respect, states:

"When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of the summons. * * *"

The affidavit states as follows: "That affiant is informed and believes that the home of R. E. Crummer, the father of defendant, was contacted in Washoe County, Nevada, by a Deputy Sheriff of Washoe County, Nevada, and that such Deputy Sheriff was advised that defendant had departed from the state of Nevada; that upon such information your affiant believes and therefore states the fact to be that defendant has departed

from the state of Nevada and conceals himself to avoid service of summons upon him; * * *"

Relator contends that an affidavit based upon hearsay is insufficient to support an order for publication of summons. Respondent points out very persuasively that if the existence of hearsay is sufficient to defeat an affidavit for this purpose, it would be substantially impossible to secure an order for publication of summons based upon the departure of the defendant from the state; that the only circumstances under which an order could be secured under such a rule would be by the securing of an affidavit of one who had actually observed the defendant crossing the state line.

It is not our purpose to establish a positive rule against the use of hearsay since in our view circumstances may well justify a court's relying to some extent upon hearsay when proof of a more positive character cannot reasonably be expected. However, the affidavit in the matter before us is so clearly insufficient that we cannot but hold the order improperly made.

In the first place no dates are given and the court would have no way of knowing how long in advance of the signing of the order the information of departure from the state was received or the supposed departure had taken place. When to this is added the fact that there is nothing in the affidavit tending to show the nature or anticipated extent in time of the supposed departure, little assurance is left that the defendant's absence continued at the time the order was signed. A reading of the statute heretofore quoted discloses that proof of the defendant's departure from the state in effect relieves the plaintiff from the necessity of showing "due diligence" to locate the defendant within the state. If the requirement of due diligence is thus to be avoided, the facts establishing the pertinent circumstances should give reasonable assurance that those circumstances exist at the time the order is sought.

Furthermore, the affidavit is not based upon simple hearsay but upon hearsay thrice compounded. The affiant (link number one in the chain of information) was informed by some person unnamed (link number two) that a deputy sheriff (link number three) had contacted the home of relator's father and had been advised by some person unnamed (link number four) that relator had departed from the state. Certainly it is common knowledge that information passing through such a chain of informants tends to lose accuracy. In no instance was the name of the intervening source of information disclosed or any reason given why the affidavit of such person was not available. No facts are stated to indicate the reliability of any of the information given other than that one of the sources was a deputy sheriff. Thus the court was wholly without ability to determine whether the person ultimately giving the essential information of departure was in any position to know the facts. Certainly, if hearsay is to be deemed acceptable in any case, the court at the very least should be satisfied that it is the best evidence available under the circumstances and that there is sufficient reason to regard it as reliable.

In Evarts v. Becker, 8 Paige (N.Y.Chancery) 506, it was held that an affidavit which states merely that the deponent believed that the defendant resided in the state and that the subpoena could not be served on him by reason of his concealment within the state or of his continued absence from his place of residence, was not sufficient to support an order for publication. The headnote to the decision states:

"To obtain an order for publication against a defendant who resides in the state, but who is absent therefrom or concealed within the same, the affidavit should state the place of residence of the defendant, the particular circumstances of his absence and probable duration thereof, and the names and residences, or other descriptions, of the persons from whom the information of such

absence or concealment was obtained; to enable the court to judge of the necessity or propriety of proceeding against the defendant by a publication of the notice, instead of a personal service of the subpoena."

See also: Note 37 L.R.A. (N.S.) 206.

As to the general necessity for the statement of probative facts rather than ultimate facts or conclusions, it is stated in Mills v. Smiley, 9 Idaho 325, 76 P. 783, 787:

"If, then, the affidavit submitted only states the ultimate and not the probative facts, the plaintiff, instead of the judge, would be determining what constitutes 'due diligence' and the other facts required, and there would be no reason or necessity for an order at all, but the affidavit alone might serve that purpose."

Let the writ issue as prayed for.

BADT, C. J., and MERRILL, J., concur.