**E. A. MARKEY, Appellant (One of defendants below),**

**Transco Gas & Oil Corporation, a Nevada Corporation, et al. (Other defendants below),**

**v.**

**Vaughan B. CONNELLY, Appellee (Plaintiff below).**

**No. 3007.**

Supreme Court of Wyoming.

Jan. 22, 1962.

Richard I. Drahn, Denver, Colo., and Guy & Phelan, Ward A. White, Cheyenne, for appellant.

William S. Edmonds, Kemmerer, and Francis P. O'Neill, Denver, Colo., for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

On January 24, 1956, plaintiff Connelly filed a petition in the District Court of Lincoln County against A. C. Torgeson and various other defendants, including E. A. Markey, seeking to quiet title in three Federal oil and gas leases. The only defendant contesting was Torgeson, against whom the court entered judgment. The case was affirmed on appeal, Torgeson v. Connelly, Wyo., 348 P.2d 63, the mandate of affirmance being issued to the district court on January 28, 1960. On January 13, 1960, following the decision and before the mandate, E. A. Markey filed in the district court "Motion for Leave to Plead," together with supporting affidavit, in which it

was recited, "he has never pleaded in the Complaint filed in the above action for the reason that by mistake and inadvertence he was under the impression that he held no interest in the property, which is the subject matter of said litigation." He went on to say that no default had been entered against him and that he had a meritorious defense. The court issued judgment against Markey in which the findings recited, inter alia, that Markey was served by constructive service, that plaintiff was entitled to have a default in November 1957, that Markey was a voluntary witness in the previous case, and that he had made a voluntary appearance on January 13, 1960 (the date of his filing "Motion for Leave to Plead").

Markey has appealed, arguing that the court did not have jurisdiction since there was no proper service of process and additionally charging that the court abused its discretion in denying his motion for leave to plead. He contends that the amendment[1] of § 3–1101, W.C.S.1945, the service by publication statute, governs; that there must have been strict adherence in order for the court to obtain jurisdiction over defendant; and that in this instance the notice of suit was not sent by registered mail.

The record contains no copy of the clerk of court's journal to indicate what steps were taken to effect service upon the defendants. There is included in the file five envelopes of the county clerk addressed to certain defendants in the action, postmarked and returned by the post office with varying notations such as "unknown at address," "not at this address," etc. The briefs and argument of counsel for both parties by fair implication concede that Markey received by regular mail a copy of the notice of suit, and he was aware of the action, since he appeared and testified.

The parties cite no cases dealing with a statute substantially similar to the one in question, and our research indicates that none exist. Several states have statutes which require the mailing to defendant by registered mail of notice of publication, but the provisions are different, and the experiences of other jurisdictions therefore are not helpful. Connelly urges that substantial compliance is sufficient, that the notice of the suit was in fact received by Markey, and that no more could have been accomplished regardless of the manner in which the mail had been sent. He cites a number of cases which for the most part deal with matters of proof of service rather than the service itself, and which are of assistance only by analogy. Markey, on the other hand, urges that a court cannot acquire jurisdiction except by strict compliance with the statutes and that any deviation therefrom is fatal.

■ The general rule applicable in a situation of this kind has often been stated. Service of process by publication is limited to instances where personal service is not reasonable or practical, is permissible only when authorized by statute, and the method provided therefor must be strictly followed. 72 C.J.S. Process § 55; 42 Am.Jur. Process § 66; 2 Bancroft, Code Practice and Remedies, pp. 1264, 1265 (1927).

Although no case with similar facts has been found, the statements of various courts are significant, e. g.:

"* * * Nothing less than a rigid and exact compliance with the provisions of the statute, in a case where a method of securing jurisdiction differing from that of the common law, will confer jurisdiction. * * *" Haake v. Union Bank & Trust Co., Mo.App., 54 S.W.2d 459, 463.

"Statutes authorizing constructive service of process must be strictly construed and exactly followed to give the court jurisdiction to enter a final judgment. * * *" McGee v. McGee, 156 Fla. 346, 22 So.2d 788, 789.

"It is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in

1. Section 1, c. 77, S.L. of Wyoming, 1947.

constructive service than in personal service; also that less presumption in favor of jurisdiction of a court, upon rendition of judgment, is indulged in when the judgment is based upon constructive service than when based upon personal service. * * *" Holt v. Sather, 81 Mont. 442, 264 P. 108, 111.

"Where constructive service of summons is relied upon, a strict compliance with the statute is required. * * *" State ex rel. Crummer v. Fourth Judicial Dist. Court in and for County of Elko, 68 Nev. 527, 238 P.2d 1125, 1126.

While all courts are not as demanding as those quoted, it is our view that the general tendency is toward requirement for a reasonably strict compliance with the provisions for service. Accordingly, any valid direction of the legislature cannot be ignored, and it becomes essential to examine the statute which directs that the clerk mail a copy of the publication by registered mail with return receipt requested.

■ We indicated in Travis v. Travis' Estate, 79 Wyo. 329, 334 P.2d 508, the constitutionality of § 3–1101, as amended by § 1, c. 77, S.L. of Wyoming, 1947, to be questionable. Although a court will not ordinarily inquire into the constitutionality of a statute on its own motion, State ex rel. Keefe v. McInerney, 63 Wyo. 280, 182 P.2d 28, it should do so where the case cannot be completely and effectively disposed of without such a decision. In re Sheridan County Power Dist., 61 Wyo. 365, 157 P.2d 997. We therefore review the Wyoming statute delineating the instances in which service by publication is permissible and the requirements therefor.

■ The first statute on the subject was § 99, c. 60, S.L. of Wyoming, 1886, which contained nine subsections, each outlining a type of action in which service by publication might be had, and concluded with an unnumbered paragraph, beginning with the words, "In any such case, when the residence of a defendant is known, it must be stated in the publication," and thereafter directing, inter alia, that after the first pub-

lication the party making the service should deliver copies of the publication to the clerk and that the clerk should mail a copy to each defendant. Subsequently, c. 71, S.L. of Wyoming, 1895, amended and re-enacted the statute to include all nine of the previous subsections, and added a tenth, permitting publication in actions or proceedings relating to waters. At that time, the first phrase of the unnumbered paragraph was changed to read, "In any case in which service by publication is made under the provisions of this Section," the legislature apparently intending thereby to be certain that the unnumbered paragraph referred to the entire section rather than any portion thereof. With the exception of amendment to subsection 4 by c. 63, S.L. of Wyoming, 1945, this statute continued in force until changed by c. 77, S.L. of Wyoming, 1947, the title to which read, "An Act to amend and re-enact Sub-section 10 of Section 3–1101, Wyoming Compiled Statutes, 1945, providing certain requirements in service by publication." Subsection 10, relating to waters, was unaltered. The last unnumbered paragraph of the statute was repeated without change except that following the mailing requirement the words "by registered mail with return receipt requested" were added. Thus, the change in the unnumbered paragraph related to the entire statute while the title of the Act mentioned only subsection 10 thereof. It follows that the amendment is unconstitutional and void as being in violation of art. 3, § 24, Wyo. Const., which provides "No bill * * * shall be passed containing more than one subject, which shall be clearly expressed in its title." The provision of § 3–1101, relating to the clerk's mailing copies of a publication, remained in force and effect, and it is conceded by Markey that notice of suit was mailed by the clerk on or about February 1, 1956, to Markey.

■ We pass then to Markey's argument that the court abused its discretion in denying the motion for leave to plead and in refusing to allow Markey to file his answer. Some cases are cited as indicating

that the court has power to allow a pleading after the time for filing has expired. This authority of the trial court is not questioned. He also cites Lake v. Lake, 63 Wyo. 375, 182 P.2d 824, 834, for the view that:

" * * * 'It is generally recognized that the discretionary power of the court should be liberally exercised in furtherance of justice, to the end that cases may be disposed of upon their merits rather than upon technicalities or fortuitous circumstances.' Freeman, supra [1 Freeman, Judgments] Sec. 292. 31 Am.Jur. 265, Sec. 715. * * *"

However, in the present case the trial court did not act upon technicalities but had before it evidence concerning the entire transaction, including the status of Markey who appeared and testified. Even though the trial court had the power to allow a late pleading, we find in the record no circumstance which indicates an abuse of discretion in the denial of the motion for leave to plead or the entering of the judgment against the defendant Markey.

It is also argued that plaintiff because of his delay in moving for entry in default waived his right to have judgment entered. The burden of the authorities cited is that, where there has been delay in taking a default, judgment may not be entered *after* pleading has been served and filed. The cases presented on the point are therefore unpersuasive in the present instance.

It is contended that Connelly by his counsel's stipulation for the taking of a deposition waived Markey's default, but no authorities are cited as precedents in this regard. We doubt that the position has merit since a rule which would penalize a litigant for allowing evidence to be taken without the formality of serving notice would seem to impede rather than facilitate the administration of justice.

Affirmed.

Mr. Chief Justice BLUME, concurring.

I concur in the opinion of Mr. Justice PARKER, but I want to add a word. I recognize the rule that requirements in connection with constructive service must be strictly construed, but the strict construction does not mean that idle ceremonies must be given any consideration. When our legislature attempted to amend our statute in connection with constructive service by requiring notice to be sent by registered mail, it intended to make certain that the party to be so served should receive the notice, nothing more. If then the party to be served actually receives the notice through the party authorized by law to serve and send it, the intent of the legislature has been fully subserved.