# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE HARVEST FOUNDATION, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
ALTERNATIVE MEDICINE ASSOCIATION, LC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 79333

FILED

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Harvest Foundation, LLC (Harvest) appeals from the district court's order denying its motion to set aside default judgment in favor of respondent, Alternative Medicine Association, LC (AMA), in the underlying breach of contract action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Because AMA properly served Harvest under NRCP 4(d)(1) (2019), we affirm.

AMA agreed to operate and manage Harvest's Las Vegas marijuana-cultivation facility under a long-term supply and representation contract.[1] Just a year later, AMA sued Harvest for breach of that contract. AMA attempted to personally serve Harvest with process for this suit on nine occasions at three different locations in this state. All these attempts failed, so AMA turned to substitute service under NRS 14.030 and NRCP 4(d)(1). To that end, AMA delivered the following to the secretary of state: (1) a cover letter citing NRS 14.030 as authority; (2) a copy of the complaint and summons; (3) two affidavits of due diligence, showing AMA's prior attempts to personally serve Harvest; and (5) a $100 check. AMA also cited NRCP 4(d)(1) in its affidavit of service and posted a copy of process with the

---

[1] We do not recount the facts except as necessary to our disposition.

district court clerk's office. Finally, AMA sent a copy of the summons, complaint, affidavit of service, and the affidavit of posting to all three of Harvest's addresses listed with the secretary of state, all of which were in Nevada, by first class mail with postage prepaid—it did not use registered or certified mail.

Though AMA claims Harvest had actual notice of the suit, Harvest did not respond. On application by AMA, the district court entered default and default judgment for AMA, awarding over $204,000.00 in damages and costs. Harvest moved to set aside the default judgment arguing that because AMA used regular, and not certified or registered, mail to send a copy of process to Harvest, it did not properly serve Harvest under NRS 14.030 or NRCP 4(d)(1). The district court denied the motion, finding that AMA substantially complied with NRCP 4's requirements.[2] Harvest appeals.

Whether a statute's procedural requirements must be strictly or substantially complied with is a question of law that we review de novo. *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007). And we strictly construe substitute service statutes and rules. *Brockbank v. Second Jud. Dist. Court*, 65 Nev. 781, 785–86, 201 P.2d 299, 301 (1948). Here, AMA did not strictly comply with NRS 14.030 because it did not send Harvest a copy of process by registered or certified mail as the statute requires. NRS 14.030(b)(4) (providing that "the plaintiff *shall*, in addition to and after such service on the Secretary of State, *mail or cause to be mailed to the artificial person or to the known officer, at such address, by registered or certified*

---

[2] AMA served Harvest in November 2018, so the pre-2019 version of the Nevada Rules of Civil Procedure controls. Although the district court erred in relying on new NRCP 4.4(d), the error did not affect the outcome and the parties argued the merits of service under the former (and applicable) NRCP 4(d)(1).

*mail, a copy of the summons and a copy of the complaint . . . .*") (emphasis added). Although AMA claims Harvest had actual notice of the lawsuit, this does not satisfy the protections that the Legislature afforded Harvest in this statute. *CHA Venture v. GC Wallace Consulting Eng'rs, Inc.*, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990). Therefore, AMA did not properly serve Harvest under NRS 14.030.

Alternatively, AMA argues that its service complied with NRCP 4(d)(1). Although Harvest argues that AMA cannot defend service under Rule 4(d)(1) because it did not present that argument below, we disagree. An *appellant* may not seek and obtain reversal based on an argument that was not presented to the district court unless it goes to subject matter jurisdiction, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), but a *respondent* may defend judgment in its favor under any fairly presented legal basis. *See Saavedra-Sandoval v. Wal-Mart Stores*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010); *Nevada Power Co. v. Haggerty*, 115 Nev. 353, 365 n.9, 989 P.2d 870, 877 n.9 (1999) (emphasis added). Here, AMA argued in the district court that it properly served Harvest under the pre-2019 version of NRCP 4. Accordingly, while it did not present the clear and tailored argument under Rule 4(d)(1) that it presents on appeal, AMA may defend judgment in its favor under any fairly presented legal basis. Harvest also argues that AMA is judicially estopped from arguing service under this theory, but AMA's argument is the same on appeal as it was below, that it properly served Harvest without using registered or certified mail under NRS 14.030 or the NRCP. *See NOLM, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004).

Regarding the adequacy of AMA's service under NRCP 4(d)(1), we review the district court's interpretation of court rules de novo, by looking to the fair meaning of the plain text. *Williams v. State Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017); *Casey v. Wells Fargo Bank*,

128 Nev. 713, 715, 290 P.3d 265, 267 (2012). As noted, Harvest argues that AMA did not effectuate service under Rule 4(d)(1) based solely on AMA's failure to use registered or certified mail. But, Harvest listed only Nevada addresses with the secretary of state. Unlike NRS 14.030, Rule 4(d)(1) only requires certified or registered mailing of process to a member's last-known address when that address is "outside the state":

> if it shall appear from such affidavit that there is a last known address of a known officer, general partner, member, manager, trustee or director of said entity or association *outside the state, plaintiff shall,* in addition to and after such service upon the secretary of state and posting, *mail or cause to be mailed to such known officer, general partner, manager, trustee, or director at such address by registered or certified mail,* a copy of the summons and a copy of the complaint . . . .

(emphasis added). Interpreting the Rule to require registered mailing to members with in-state addresses would ignore the Rule's language and render the clause "outside the state" meaningless, which we will not do. *Hobbs v. State,* 127 Nev. 234, 237, 251 P.3d 177, 179 (2011) (holding that this court will not interpret court rules in a way that renders language meaningless). Accordingly, AMA's service was proper under NRCP 4(d)(1).

This result highlights the differences between NRS 14.030 and NRCP 4(d)(1), which each include cumulative substitute service provisions. NRS 14.030(5) ("[t]his section provides an additional manner of serving process, and does not affect the validity of any other valid service."); NRCP 4(e)(3) ("[w]henever a statute provides for service, service may be made under the circumstances and in the manner prescribed by the statute."). The best way to harmonize these provisions is to give each full and independent effect. *See Watson Rounds v. Eighth Jud. Dist. Ct.,* 131 Nev. 783, 787–88, 358 P.3d 228, 231–32 (2015). Accordingly, AMA's failure to properly serve Harvest under NRS 14.030 does not disturb its proper service

under NRCP 4(d)(1). Although on grounds different from those relied on by the district court, *see Saavedra-Sandoval*, 126 Nev. at 599, 245 P.3d at 1202 (2010) (holding that this court will affirm the district court's order if it reached the correct result), we affirm.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Hon. Richard Scotti, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Armstrong Teasdale, LLP/Las Vegas
       Hutchison & Steffen, LLC/Las Vegas
       Eighth District Court Clerk