[No. 2274]

FRANK L. WILDES, as Receiver of the State Bank
and Trust Company (a Corporation), Respon-
dent, *v.* LOU DILLON GOLDFIELD MINING
COMPANY (a Corporation), Appellant.

[170 Pac. 1046]

1. Constitutional Law—Due Process—Service on Foreign Cor-
porations.
    Rev. Laws, 5024, 5025, relating to service of process on for-
    eign corporations, fail to provide means whereby proper notice
    should be given, and do not constitute due process of law.

2. Process—Defendants Residing Out of the State—Affidavit
—Sufficiency.
    Under Rev. Laws, 5026, 5027 (Civ. Prac. Act, secs. 84, 85),
    relating to service by publication, it is jurisdictional that the
    affidavit for order of publication state either the residence of
    the defendant, whether person or corporation, or that affiant
    does not know the residence.

APPEAL from First Judicial District Court, Ormsby
County; *Frank P. Langan,* Judge.

Suit by Frank L. Wildes, as receiver of the State Bank
and Trust Company, a corporation, against the Lou Dillon
Goldfield Mining Company, a corporation. Judgment for
plaintiff by default. From an order refusing to set aside
the judgment, the defendant appeals. **Reversed.**

*M. A. Diskin,* for Appellant:

The showing made by the affidavits presented upon
the hearing of the motion to set aside the default proved
conclusively that the default had been entered through
the mistake, inadvertence, surprise, and excusable neglect
of defendant, and it was an abuse of discretion for the
lower court to refuse to set aside the default and judg-
ment. Affidavits of merit, such as were presented, were
sufficient. (*Howe* v. *Coldren,* 4 Nev. 171; *State* v. *C. V.
& C. M. Co.,* 13 Nev. 194; *Horton* v. *New Pass M. Co.,* 21
Nev. 184.)

The affidavit and order for publication of summons
were not sufficient, for the reason that the court failed
to find in the order that the residence of defendant was
unknown. There is no allegation in the affidavit that

the residence of defendant is unknown, but there is an allegation of the last known address of the defendant. (Rev. Laws, 5027.) "Where a constructive service is relied upon to sustain a judgment, a strict compliance with the statute is required; otherwise the court acquires no jurisdiction over the defendant." (*Coffin* v. *Bell*, 22 Nev. 169.)

The court acquired no jurisdiction over the defendant, for the reason that no service of summons as required by law was ever made on defendant. The attempted service of summons was ineffectual and void. (Rev. Laws, 5023, 5026, 5027.) "Under some statutes, where the corporation has designated no agent for the service of process, service of process upon the secretary of state is substituted for service by publication." (32 Cyc., sec. 8, p. 568; *Olender* v. *Crystalline M. Co.*, 86 Pac. 1082; *Brooks* v. *Nevada Syndicate*, 24 Nev. 311; *Lonkey* v. *Keys S. M. Co.*, 21 Nev. 312.)

*Mack & Green*, for Respondent:

This court cannot presume that the order denying the motion to vacate the judgment was not supported by the evidence adduced at the hearing. It is fundamental that, in the absence of a showing to the contrary, it will be presumed that the evidence was sufficient to justify and support the findings, order or judgment made.

The statutes provide the only legal method by which constructive service may be obtained on a foreign corporation having no officer or agent in this state. (Rev. Laws, 5026, 5027.)

Appellant made no showing in the trial court of a meritorious defense to the action, and the affidavits presented were insufficient in form and substance to justify a vacation of the judgment. Appellant had no standing on its application to vacate the judgment upon the ground that it was "taken against him through his mistake, inadvertence, surprise or excusable neglect." The trial court is invested with wide discretion. (Rev. Laws, 5084; *Conley* v. *Chedic*, 7 Nev. 336.)

Having had actual notice of the pendency of the action and time to make a defense, the corporation cannot avail

itself of the provisions of section 5084, Revised Laws, even though the summons was served by publication only. (*Clark* v. *Tull*, 113 Iowa, 143; *McBride* v. *Harn*, 52 Iowa, 79; *Satterlee* v. *Grub*, 38 Kan. 234.)

Affidavit of merits must show that the affiant has fully and freely stated the facts of the case to his counsel, and that such counsel has advised that there is a good, legal and meritorious defense to the action. (*Horton* v. *New Pass G. M. Co.*, 21 Nev. 184; *State* v. *Con. Va. M. Co.*, 13 Nev. 194; *Howe* v. *Coldren*, 4 Nev. 171; 23 Cyc. 953–957; *Esden* v. *May*, 36 Nev. 611, 37 Nev. 305.)

By the Court, McCARRAN, C. J.:

This is an appeal from an order of the district court refusing to set aside a default judgment entered against appellant. The Lou Dillon Goldfield Mining Company is a corporation organized and existing under the laws of the State of Arizona. It had at one time done business in this state, and at the time of the institution of this suit was the owner of mining claims in the Goldfield mining district. At the time of the commencement of this action it had no managing or business agent, cashier, or secretary, within this state (Rev. Laws, 5023), nor had it a process agent as provided for by section 5024, Revised Laws. Notwithstanding the fact that the only place at which the appellant company had ever conducted business within this state and the only place in which it was the owner of property within the state was Esmeralda County, the action in this instance was commenced in Ormsby County, the place of residence of the respondent-receiver. The return of the sheriff of Esmeralda County made to the summons disclosed the inability of that officer to obtain personal service on the corporation. He certifies:

"I have been unable to find any agent, president, cashier, director, resident agent, designated agent, superintendent or other officer, business head or person representing said corporation within this state, upon whom service of said summons could be made as service upon

said corporation and have been unable to find any officer of said corporation within this state."

Section 5024, Revised Laws, provides:

"Every incorporated company or association created and existing under the laws of any other state, or territory, or foreign government, or the government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent upon whom all legal process may be served for such corporation or association. Such corporation shall file a certificate, properly authenticated by the proper officers of such company, with the secretary of state, specifying the full name and residence of such agent, which certificate shall be renewed by such company as often as a change may be made in such appointment, or vacancy shall occur in such agency."

Section 5025, Revised Laws, provides:

"If any such company shall fail to appoint such agent, or fail to file such certificate for fifteen days after a vacancy occurs in such agency, on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to and be made a part of the return of service, it shall be lawful to serve such company with any and all legal process, by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes; *provided,* that in all cases of such service the defendant shall have forty days (exclusive of the day of service) within which to answer or plead. This section shall be construed as giving an additional mode and manner of serving process and as not affecting the validity of any other valid service."

1. It is the contention of appellant here that the respondent should have complied with the terms and provisions of these sections, otherwise the constructive service is void. We conclude this contention by adopting the reasoning and conclusion set out by the federal court for this district in the case of *King Tonopah Mining Co.* v.

*Lynch,* in which, after extended consideration, it was held that these sections, inasmuch as they failed to provide a means whereby proper notice should be given to a party defendant, did not constitute due process of law. (*King Tonopah Mining Co.* v. *Lynch,* 232 Fed. 485.)

**2.** In this instance the plaintiff, respondent here, sought to obtain service by publication; and for the validity of the constructive service here relied on, the respondent contends that he has complied with sections 5026 and 5027, Revised Laws, the same being sections 84 and 85 of our civil practice act, and reading as follows:

"SEC. 84. When the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of the summons.

"SEC. 85. The order shall direct the publication to be made in a newspaper, to be designated by the court or judge thereof as one most likely to give notice to the person to be served, for a period of six weeks, and at least once a week during said time. *In case of publication, where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the postoffice, directed to the person to be served at his place of residence.* * * * *"

Inasmuch as, in our judgment, this appeal turns on the last sentence quoted, we have italicized the same.

The affidavit for the order of publication in this case presents a striking avoidance of compliance with the last provision quoted in section 85. After relating as to the filing of the complaint, the issuance of summons, the

issuance of a writ of attachment, and the levy of said writ, the affidavit proceeds to set forth facts as to a cause of action, and refers to the verified complaint on file, making a copy of that complaint an exhibit attached to the affidavit. The affidavit then proceeds:

"That the above-named defendant, Lou Dillon Goldfield Mining Company, was at all the times and dates in said complaint mentioned, and now is, a corporation duly chartered, organized, and existing under and by virtue of the laws of the Territory of Arizona (now State of Arizona) and that said corporation was and now is the owner of property and engaged in the transaction of business at Goldfield mining district, county of Esmeralda, State of Nevada, and resides out of and is a nonresident of the State of Nevada."

The affidavit then proceeds to relate as to the inability of the sheriff to make personal service of summons, and then sets forth a copy of the return of the sheriff of Esmeralda County. Continuing, the affidavit states:

"Affiant further says that he and the said plaintiff, Frank L. Wildes, have each made due and diligent search and inquiry to find any agent, president, cashier, director, resident agent, designated agent, superintendent, or other officer, business head, or person representing said corporation within the State of Nevada, upon whom service of the summons in said action may be made for said defendant, but that after such due and diligent search and inquiry the said plaintiff and the said affiant and the said sheriff of Esmeralda County have been unable to and cannot find within this state any agent, president, cashier, director, resident agent, designated agent, superintendent, secretary, or other officer, business head, or person representing said corporation, upon whom service of the summons in said action may be made for said corporation."

The affidavit relates as to no designated agent being filed with the secretary of state, and continues:

"That personal service of the summons in said action cannot be made upon said defendant within this state for the reasons hereinbefore specified and by the said

verified complaint made to appear, and for the reason that the said corporation resides out of and is a nonresident of the State of Nevada, and therefore affiant prays that an order be made," etc.

"Where the residence of a nonresident absent defendant is known" the depositing of a copy of the summons and complaint in the postoffice "addressed to the person to be served at his place of residence" is as much a part of the prescribed method for complete constructive service as any other act designated by the code. The object of service of summons in a civil action is to bring notice to the party whose property or rights may be affected. The appellant was shown to be a nonresident absent defendant, and as such was entitled to notice in strict conformity with all the requirements of the statute. In the affidavit for publication, there appears a most conspicuous absence of mention as to the known residence of the Lou Dillon Goldfield Mining Company or as to the known residence of its officers to whom notice might be sent, or on whom service might be made. The most that is declared in the affidavit is that diligent search within the state failed to disclose the whereabouts "within the state of any agent, president, cashier, director, resident agent, designated agent, superintendent, secretary or other officer, business head, or person representing said corporation upon whom service of summons in said action may be made for said corporation." It appears that the order for publication also contained an order requiring that a copy of the summons and complaint be deposited in the postoffice, but directing that the same be addressed to the appellant at Goldfield, stating that the corporation "had its last known *place of business* and *postoffice address* in the State of Nevada at the town of Goldfield, county of Esmeralda, State of Nevada."

This court has always held, and in this respect it is in conformity with the great weight of authority, that nothing less than a strict compliance with the statute

providing for constructive service will confer jurisdiction. (*Coffin* v. *Bell,* 22 Nev. 169, 37 Pac. 240, 58 Am. St. Rep. 738.)

The affidavit is singularly silent as to the present place of residence of the defendant corporation. It is even silent as to the last-known place of residence or as to the present or last-known address. The statute requires that where the residence of a nonresident absent defendant is known, it must be stated. If the residence of a nonresident absent defendant is unknown to the party making the affidavit, a statement to that effect must be made. It is in the probative facts stated in the affidavit that the order of the court directing service by publication must find justification. It is from these that the court must find ground upon which to conclude that the ultimate facts required by the statute exist. (*Cohen* v. *Portland Lodge No. 142, B. P. O. E.,* 144 Fed. 266.)

In the case of *Victor Mining Co.* v. *Justice Court,* 18 Nev. 21, 1 Pac. 831, this identical matter was passed upon by this court and the question here raised was set at rest. The defendant there was a nonresident corporation. In that case, as here, the plaintiff failed to state as to knowledge of the defendant's residence. This court, speaking through Mr. Justice Lewis, said:

"Plaintiff may have known the residence. If he did, he should have stated it in his affidavit; the court should have made the requisite order, and the return in this proceeding should have shown a full compliance therewith. Nothing less, at least, than an affidavit to the effect that plaintiff did not know defendant's residence, could justify the failure to order the depositing of copies of the complaint and summons in the postoffice directed as required."

The term "last-known place of business and postoffice address" in the State of Nevada does not meet the requirements of the statute calling for a declaration on the part of the maker of the affidavit stating the

*residence* if known. If the residence is not known, it is for the affidavit, rather than the order of the court, to make this fact appear.

The diligence resorted to by the plaintiff-receiver in this case to properly bring to the attention of the officers of the appellant company the existence of a suit affecting property of that corporation, or rather the lack of diligence in this respect, is to our mind a matter worthy of comment. It appears conclusively that the residence of the president and of the secretary of the Lou Dillon Goldfield Mining Company was at all times during the pendency of the action known to the plaintiff-receiver. The record discloses letters which admittedly passed between the secretary of the company, Mr. Charles E. Hudson, and Mr. Wildes. A communication of September 5, 1916, from Mr. Hudson, addressed to Mr. Wildes, mentions the subject of the reorganization of the Lou Dillon Company. A letter dated September 12, 1916, from the plaintiff-receiver, addressed to Mr. Hudson, is in part as follows:

"Yours 5th received in my absence. As to the Lou Dillon, I am suing the company for approximately $12,000, owing by them, including annual labor, etc., since 1907. This property has been maintained by me without any outside assistance or expressed interest until developments seem to indicate a possible value, and I naturally consider my interests the paramount ones. I shall not consider a proposition to reorganize after obtaining title without the payment to me of all the debt, and then upon the basis of any preceding reorganization. In the ordinary process of law I am unable to say when the matter may be adjudicated and shall have to contain my soul in patience, as shall you, until then.      Sincerely yours,

"F. L. Wildes, Receiver."

At the date on which this letter was written by the plaintiff-receiver, the summons in the action had been published in the Goldfield Tribune, a newspaper in the town of Goldfield, Esmeralda County. It appears that on

receipt of this letter Mr. Hudson wired the president of the Lou Dillon Mining Company at Tonopah, Nevada, as follows:

"Ascertain if Wildes has filed suit against Lou Dillon and if so put in answer general denial. Very important."

The record contains an affidavit made by Herman Zadig, president of the appellant corporation, in which it is related that inquiry was made in Goldfield, the former place of business of the corporation, to ascertain if suit had been commenced in that place. At that time the publication of the summons in the Goldfield Tribune had been completed and the affidavit of the publisher had already been filed in the district court of Ormsby County. It was the natural thing that the officers of the appellant company would expect suit, if commenced at all, to be instituted in that county where its property was located and where its business had been conducted.

On September 26, 1916, a letter was written by Charles E. Hudson, the secretary of the appellant company, addressed to the plaintiff-receiver, as follows:

"Answering your letter with reference to bringing suit against the Lou Dillon Company, wish to say that our arrangement has always been this property should belong to our pool for the assessment money which we have advanced, and, when your suit is filed, there should be some arrangement in writing with us showing our interest. Before you file the suit I should like very much to see you and talk the matter over with you and trust that you will let us hear from you before doing so."

On the date of the writing of this communication, judgment had already been entered in the district court of Ormsby County against the appellant corporation. In all of these communications the plaintiff-receiver knew that the party with whom he was exchanging communications was the secretary of the Lou Dillon Goldfield Mining Company. If he (the plaintiff) had been desirous, he could have ascertained, or at least made inquiry to ascertain, the residence of the corporation. If Hudson, the secretary of the company, had been

found within this state, a personal service of summons on him would have met the requirements of section 5023. If found within the state, he represented, for the purpose of process, the person of the corporation of which he was secretary. It would have been a simple matter, in furtherance of due diligence, for the plaintiff-receiver to have transmitted to the secretary of the Lou Dillon a certified copy of the complaint and summons, and to thereby have brought home knowledge to that officer of the corporation of the existence of the suit pending and the place of its pendency. From the record we are impressed with the fact that had such knowledge been conveyed to the officers of the appellant company, an answer would have been filed within time, and the appellant would have had an opportunity to have its rights litigated.

It might be said that the plaintiff-receiver was not bound to convey information either to the president or secretary of the appellant company, notwithstanding the fact that he was aware of their residence and whereabouts, and it might be suggested that the residence of the secretary or the residence of the president of a corporation is not necessarily the residence of the corporation itself. Without commenting on the force of these assertions, it will suffice to say that good faith and due diligence on the part of the plaintiff would in our judgment have prompted him to inquire of these officers as to the residence of the corporation, and to convey notice of the institution of the action and of the court in which such action was pending. Inasmuch as the affidavit for order of publication clearly fails to comply with the terms of the statute, the order for publication issued by the court was void (*Victor Mining Co.* v. *Justice Court, supra*), and the subsequent proceedings were of no greater validity.

The order appealed from is reversed. The case is remanded, with instructions to the trial court to set aside its judgment and default and permit appellant to file its answer.

It is so ordered.