# KLEPPER *v.* KLEPPER

No. 2804

August 1, 1929.                    279 P. 758.

*Wm. M. Kearney* and *Sidney W. Robinson,* for Appellant:

*Painter & Withers*, for Respondent:

470

## OPINION

By the Court, COLEMAN, J.:

Plaintiff brought suit for a divorce. After the issuance of summons, she filed an affidavit, and obtained an order for publication of summons. The defendant made a motion to quash the service of summons, which, being overruled, the court took testimony and entered a decree in favor of plaintiff. The defendant has appealed from the order denying the motion to quash.

Only one point is raised on this appeal, and that is that the affidavit does not state facts sufficient to give the court jurisdiction to order the publication of the summons, that it states mere conclusions, and that no showing of due diligence is made therein. In support of this contention our attention is directed to the case of Perry v. District Court, 42 Nev. 284, 174 P. 1058.

Omitting the formal parts of the affidavit, it reads:

"That defendant resides outside of the State of Nevada, to wit, 4202 Granby Street, Norfolk, Virginia; and that he is not now and cannot be found

in the State of Nevada, and that said defendant's present place of residence is 4202 Granby Street, Norfolk, Virginia."

The purpose of requiring such an affidavit is to enable the court to determine the place of residence of the defendant, if known, and, if not, where notice will most likely reach him. The affidavit in the Perry case did not do this, but merely stated that the plaintiff had used due diligence to learn the defendant's place of residence. We held that the affidavit should show what efforts the plaintiff had made to ascertain the defendant's address, that the court might determine whether or not the plaintiff had used due diligence. In the instant case the affidavit states the place of residence of the defendant—giving the name of the city, street, and number. The plaintiff having this knowledge, there was no occasion for the exercise of diligence. It is true the affidavit states that the defendant cannot be found in the State of Nevada, which, standing alone, would be insufficient, but, since the affidavit states positively where the defendant's residence is, and shows that it is in a sister state, that was sufficient, and the further statement is mere surplusage.

Since the rendition of the decision in the Perry case, supra, the statute relative to affidavits for an order of publication of a summons has been amended (Stats. 1923, p. 275, c. 158) so as to add the following proviso:

"*Provided,* that when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in a certain place (naming the place and stating the latest date known to affiant when such party so resided there); that such place is the last place in which such party resided to the knowledge of affiant; that such party no longer resides at such place; that affiant does not know the present place of residence of such party or where such party can be found; and that affiant does not know and has never been informed

and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and it shall not be necessary to use due or any diligence to find such party in this state, or to show by affidavit that due or any diligence was so used."

This amendment contemplates cases in which the present address of the defendant is not known, and where the defendant was at one time known to be a nonresident of this state, and, so far as plaintiff knows, or is informed, still resides without the state. The instant case does not fall within the purview of the amendment.

What we have said disposes of the objection made. The court did not err in its ruling on the motion to quash.

The order appealed from is affirmed.