GLEN FOSTER AND MYRTLE FOSTER, HIS WIFE, APPELLANTS, *v.* MELVERN E. LEWIS AND THELMA LEWIS, HIS WIFE, RESPONDENTS.

No. 4494

June 19, 1962 372 P.2d 679

[Rehearing denied July 23, 1962]

*Streeter, Sala & Richards,* of Reno, for Appellants.

*C. Lester Zahniser,* of Sparks, for Respondents.

## O P I N I O N

By the Court, McNamee, J.:

Appellants' complaint seeks specific performance of an oral contract for the sale and purchase of real property located in Sparks, Washoe County, Nevada. An order for publication of summons was obtained and summons was thereafter served upon the respondents by publication and mailing. Appellants maintain that personal service of summons in Washoe County was also made by a delivery of a copy of the summons and complaint to one Vern Hursh, a member of the firm of Hursh Insurance and Real Estate Agency, which was respondents' collection agent in Nevada.

After publication and mailing and the expiration of time allowed for answer, no answer having been served or filed, the default of the respondents was entered on January 11, 1961, and on March 13, 1961, judgment was entered. On October 23, 1961, respondents filed a motion to vacate the judgment. Appeal is from the order granting this motion.

The lower court granted the motion upon the following grounds:

1. That no personal service of summons was made on either of the respondents.

2. That the purported agent had no authority to accept service of summons, and any attempted service of summons upon him would be void.

3. That the judgment is either void or voidable and the court sitting as a court of equity has broad discretion in setting aside a judgment where it appears that hardship might result.

Appellants rely upon not only service by publication and mailing, but also the alleged personal service on Hursh.

The purported service upon Hursh was disputed in the trial court. The affidavit attached to the summons purports to show that McBride, a deputy sheriff, served Hursh on September 21, 1960, and he so testified in court. On the other hand, Hursh in an affidavit in support of the motion to vacate judgment and also in his oral testimony denied that he ever received a copy of the summons and complaint in the action. Furthermore, he denied that he had any authority from the respondents to accept service of process on their behalf. The respondents likewise testified that they had not authorized Hursh to accept service of any process. It is not clear from the record whether the trial court found that a copy of the summons and complaint had been delivered to Hursh, but even if we assume that it was, the attempted service would be a nullity because there was no evidence to show that Hursh had been authorized by the respondents to receive service of process. In fact, the evidence is to the contrary.

Appellants contend, nevertheless, that under NRCP 4(d)(6) which provides that personal service may be made "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process," Hursh having been their agent to collect certain rent payments from appellants

thereby was an agent by law to receive service of process. We cannot sustain this contention.

There is no statute or rule in this state which confers on an agent for collection authority to accept service of process.[1] See Morfessis v. Marvins Credit (Mun.Ct. App. Dis. Col.), 77 A.2d 178, 26 A.L.R.2d 1082. "The phrase 'an agent authorized by *appointment* to receive service of process' is intended to cover the situation where an individual *actually* appoints an agent for that purpose." 2 Moore's Fed. Practice, sec. 4:12, p. 52, (2d Ed.).

Where the evidence that the person served was not authorized by the defendant to receive service of process is uncontradicted, as in this case, such denial of authority must be taken by the court as true, for the purpose of applying NRCP 4(d) (6). Griffin v. Illinois Centr. R. Co., D.C., 88 F.Supp. 552; Lawlor v. National Screen Service Corp., 10 F.R.D. 123. In the absence of actual specific appointment or authorization, and in the absence of a statute conferring authority, an agency to accept service of process will not be implied. 42 Am.Jur., Process, sec. 51 (1961 Cum. Supp., p. 7, n. 13.5).

With no valid personal service of summons upon the respondents, the judgment can be sustained only if there has been proper substituted service.

The statutory provisions for acquiring jurisdiction over a defendant by other than personal service must be strictly pursued. State ex rel. Crummer v. District Court, 68 Nev. 527, 238 P.2d 1125; Perry v. District Court, 42 Nev. 284, 174 P. 1058. In order to confer jurisdiction on the court to order substituted service, Glen Foster, one of the appellants alleged in his affidavit for publication of summons as follows:

"That the defendants are not in, and do not reside in, this State, but that they are, and reside, out of this State.

---

[1] As an example of an agent's being authorized by law see NRCP 4(d) (1) wherein those agents of a corporation which may be served in a suit against the corporation are specified.

That in the year 1952, said defendants' post office address was: P. O. Box 796, Lompoc, California. That said address is the last place in which said parties resided to the knowledge of affiant; that affiant has no reason to believe that defendants do not presently reside at said address; and that affiant does not know and has never been informed and has no reason to believe that said defendants now reside in the State of Nevada, and plaintiffs cannot therefore make service of Summons on said defendants within this State.

"That this action, as will appear by the Complaint on file herein is one which relates or the subject of which is real property located in this State, in which the relief demanded consists in part in excluding defendants from any interest therein in that said action is to compel defendants to specifically perform a contract to convey real property located in this State.

"That defendants are necessary and proper party defendants in this suit; that Summons cannot be served on defendant in person within the State of Nevada; that defendants are not now in and cannot be found in the State of Nevada."

NRCP 4(e) (1) (i) specifies what an affidavit for publication must contain: "When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

"Provided, when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in

a certain place (naming the place and stating the latest date known to affiant when such party so resided there) ; that such place is the last place in which such party resided to the knowledge of affiant; that such party no longer resides at such place; that affiant does not know the present place of residence of such party or where such party can be found; and that affiant does not know and has never been informed and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This rule shall apply to all manner of civil actions, including those for divorce."

The proviso of this rule can be utilized only when the affidavit states that the party on whom service is to be made resides out of the state (which the affidavit here does) and that the present address of the party is unknown (the affidavit is silent on this point). Since the affidavit does not contain the requirements of the proviso, it is necessary to ascertain if compliance has been made with the requirements of the first paragraph of the section. This states, in part: "When the person on whom service is to be made resides out of the state * * * and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof * * *."

We have heretofore held that if the affidavit states that the party resides out of the state and that he was not then and cannot be found in the State of Nevada, and gives his present place of residence out of the state, it states facts sufficient to give the court jurisdiction to order publication of summons. (The affidavit herein does not give respondents' present place of residence out of the state. It refers only to a post office address as their residence in 1952.)[2] Klepper v. Klepper, 51 Nev. 468, 279

---

[2]The order for publication of summons recites that it appears from the affidavit and from the complaint, "and the court here finds * * * that the residence and address of each defendant is P. O. Box 796, Lompoc, California." The complaint makes no mention of the address of the defendants and, as noted above, the affidavit

P. 758. In all other cases where the defendant is a non-resident, the rule requires a statement of facts, as distinguished from legal conclusions from which the court can determine whether due diligence to find the defendant in the State of Nevada has been exercised. Perry v. District Court, supra. That such showing of due diligence is required is exemplified by the proviso of the rule which states that by use of the short form of affidavit "such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant."

Upon the hearing of the motion, evidence was introduced to show that appellants had been making monthly payments to the Hursh agency for transmission to the respondents for a period of more than ten years prior to the commencement of the action in the court below and even made such payments during the pendency of the action and after judgment. It appears to us that, under these circumstances, the whereabouts of the respondents could have been ascertained by the exercise of some diligence. Good faith and due diligence on the part of appellants, in our judgment, would have prompted them to inquire of the Hursh agency as to the residence of their clients. See Wildes v. Lou Dillon M. Co., 41 Nev. 364, 170 P. 1046.

Although the trial court never acquired jurisdiction to

states that P. O. Box 796, Lompoc, California, was the defendants' post office address in 1952. The order then directs that two copies of the summons and complaint be deposited in the post office addressed to each defendant at P. O. Box 796, Lompoc, California. In Wildes v. Lou Dillon M. Co., 41 Nev. 364, 170 P. 1046, this court held that the term "post office address" does not meet the requirements of the statute for a declaration on the part of the maker of the affidavit stating the *residence* if known. NRCP 4(e)(1)(iii) in the case of mailing requires the summons and complaint to be deposited in the post office, directed to the person to be served, at his place of residence. In Dawson v. Meier, 78 N.W.2d 420 (N.D. 1956), in holding that the terms "residence" and "post office address" are not synonymous (as respects sufficiency of signatures to initiative petitions) stated: "The post office address of a person is the place to which his mail is directed in order that it may be delivered to him by the post office. Or, in other words, it is the place where he gets his mail. His residence is the place where he remains when not called elsewhere for labor or a special or temporary purpose and to which he returns in seasons of repose."

make the order for publication of summons or to enter judgment, the lower court did not specifically hold to such effect. Nonetheless, since the order was void, a judgment based thereon would likewise be void. We have held that a correct judgment will not be reversed simply because it was based on a wrong reason. Nelson v. Sierra Constr. Corp., 77 Nev. 334, 364 P.2d 402. There is no reason why this rule should not be extended to an appealable order.

Under NRCP 60(b) a motion to set aside a void judgment is not restricted to the six months' period specified in the rule. NRCP 54(a) provides that the word "judgment" as used in these rules includes any order from which an appeal lies. Therefore there is no merit to appellants' contention that the motion to vacate the judgment was not timely made.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.