George OWENS, doing business as Owens Insulation Company, Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS OF AMERICA, and Local #5 of International Association of Heat and Frost Insulators and Asbestos Workers of America, et al., Defendants.

Civ. No. 405.

United States District Court
D. Nevada.

Jan. 30, 1963.

Harry E. Claiborne, Las Vegas, for plaintiff.

George Rudiak, Las Vegas, for certain defendants appearing specially.

ROGER D. FOLEY, District Judge.

This is an action commenced under Section 301 of the Labor-Management Relations Act of 1947 (Taft-Hartley), Title 29 U.S.C. § 185.

It is undisputed that both defendant International Association of Heat and Frost Insulators and Asbestos Workers of America, hereinafter called defendant International, and Local No. 5 of the International Association of Heat and Frost Insulators and Asbestos Workers of America, hereinafter called defendant

928

Local, are labor unions and are foreign or non-resident unincorporated associations.

Both said defendants have appeared specially by motion to quash what purports to be constructive service of process.

Rule 4(d) (3), F.R.Civ.P., provides the manner in which an unincorporated association which is subject to suit under a common name may be served with process.

Rule 4(d) (7) permits service upon a defendant of a class referred to in 4(d) (3) in the manner prescribed by the law of the State in which the service is made.

The following sections of the Nevada Revised Statutes of 1957 are pertinent. Nevada Revised Statutes, Section 12.110 reads:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been made defendants and had been sued upon their joint liability."

Nevada Revised Statutes, Section 14.-020 reads:

"Every incorporated company or association and every municipal corporation created and existing under the laws of any other state, territory, or foreign government, or the Government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent, who may be either an individual or a domestic corporation, upon whom all legal process may be served for such corporation, association or municipal corporation. Such corporation, association or municipal corporation shall file a certificate, properly authenticated by the proper officers of the company, association or municipal corporation, with the secretary of state, specifying the resident agent's full name and address, which address shall be the same as that of the principal office. The certificate shall be renewed by such municipal corporation as often as a change may be made in such appointment or vacancy shall occur in such agency, and by such incorporated company or association in the manner required by NRS 80.070."

Nevada Revised Statutes, Section 14.-030 reads:

"1. If any such company, association or municipal corporation shall fail to appoint such agent, or fail to file such certificate for 30 days after a vacancy occurs in such agency, on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to be made a part of the return of service, it shall be lawful to serve such company, association or municipal corporation with any and all legal process by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes.

"2. In all cases of such service the defendant shall have 40 days (exclusive of the day of service) within which to answer or plead.

"3. Before such service shall be authorized, the plaintiff shall make or cause to be made and filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of such company, association or municipal corporation, and the facts showing that direct or personal service on, or notice to, such corporation cannot be had:

"4. If it shall appear from such affidavit that there is a last-known address of such company, association

or municipal corporation, or any known officers thereof, the plaintiff shall, in addition to and after such service on the secretary of state, mail or cause to be mailed to such corporation, or to such known officer, at such address, by registered mail, a copy of the summons and a certified copy of the complaint, and in all such cases the defendant shall have 40 days from date of such mailing within which to appear in the action.

"5. This section shall be construed as giving an additional mode and manner of serving process, and as not affecting the validity of any other valid service."

It is the plaintiff's position that both defendant International and defendant Local have transacted business under a common name in Nevada within the purview of N.R.S. § 12.110. Plaintiff further asserts that the said defendants having transacted business in this state must comply with N.R.S. § 14.020 and § 14.030, and appoint and keep in this state an agent upon whom process may be served or be subject to constructive service of process.

Plaintiff has attempted to make constructive service upon both defendant International and defendant Local, and argues that he has complied with N.R.S. Sections 14.020 and 14.030, by serving additional summonses and amended complaints upon the Nevada Secretary of State, and by serving process by mail upon defendant International and defendant Local, after obtaining a certificate from the Secretary of State that neither of the said defendants are Nevada *corporations* and have not qualified as foreign *corporations* and have never designated a resident agent upon whom process may be served.

A copy of the additional summons and amended complaint was mailed to John W. Suitor, the Secretary and Business Manager of defendant Local, at 10022 South Broadway, Los Angeles, California and a copy of the additional summons and amended complaint was mailed to defendant International at 505 Machinists' Building, 1300 Connecticut Avenue N. W., Washington 6, D.C.

Defendant International contends that it has never done business in Nevada, nor does it own property, and for this reason alone N.R.S. § 14.020 and § 14.030 are inapplicable to it. Both said defendants contend that N.R.S. § 12.110, which subjects unincorporated associations to suit under a common name does not, by its terms, apply to foreign or non-resident associations, makes no provision for constructive service, and, therefore, may be inapplicable. Both defendants further contend that plaintiff has not complied with N.R.S. § 14.020 and § 14.030. Finally, both defendants argue that N.R.S. § 14.020 and § 14.030 are applicable to foreign corporations, including municipal corporations, and to foreign or non-resident incorporated associations, but that said sections do not apply to non-resident, unincorporated associations, such as defendant International and defendant Local.

It is unnecessary, in my view, to decide whether or not defendant International has done business in Nevada, whether N.R.S. § 12.110 applies to non-resident unincorporated associations or whether plaintiff has complied with N.R.S. § 14.020 and § 14.030.

The motion to quash purported service of process must be granted on the principal grounds urged by defendants that neither N.R.S. § 14.020 and § 14.030 apply to foreign or non-resident unincorporated associations.

The origin of this legislation is found in Chapter 44, Statutes of Nevada, approved February 25, 1889, and read as follows:

"1. Every incorporated company or association created and existing under the laws of any other State, or Territory, or foreign government, or the Government of the United States, owning property or doing business in this State, shall appoint and keep in this State an agent upon whom all legal process may be served

for such corporation or association. Such *corporation* shall file a certificate, properly authenticated by the proper officers of such *company*, with the Secretary of State, specifying the full name and residence of such agent, which certificate shall be renewed by such *company* as often as a change may be made in such appointment, or vacancy shall occur in such agency.  (Italics added)

"2.   Any and all legal process may be served upon such *company*, by delivering to such agent personally, a copy of such process, which shall be legal and valid.  (Italics added)

"3.   If any such *company* shall fail to appoint such agent, or fail to file such certificate for ninety days after the passage of this Act, or for ten days after a vacancy occurs in such agency, then it shall be lawful to serve such *company* with any and all legal process by delivering a copy to the Secretary of State, and such service shall be valid to all intents and purposes; PROVIDED, that in all cases of service under this Act, the defendant shall have forty days in which to answer or plead.  This Act shall be as giving an additional mode and manner of serving process and as not affecting the validity of any service of process hereafter made, which would be valid under any statute now in force."  (Italics added)

From 1889 to date the Supreme Court of Nevada has never decided, as far as this Court can determine, the applicability of this constructive service legislation to unincorporated, non-resident associations doing business in Nevada.

In Wildes v. Lou Dillon Goldfield Mining Company, 1918, 41 Nev. 364, 170 P. 1046, Chief Justice McCarran quoted sections 5024 and 5025, of the Revised Laws of 1912, as follows:

"Section 5024, Revised Laws, provides:

" 'Every incorporated company or association created and existing under the laws of any other state, or territory, or foreign government, or the government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent upon whom all legal process may be served for such corporation or association. *Such corporation* shall file a certificate, properly authenticated by the proper officers of such company, with the secretary of state, specifying the full name and residence of such agent, which certificate shall be renewed by *such company* as often as a change may be made in such appointment, or vacancy shall occur in such agency.'  (Italics added)

"Section 5025, Revised Laws, provides:

" 'If any *such company* shall fail to appoint such agent, or fail to file such certificate for fifteen days after a vacancy occurs in such agency, on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to and be made a part of the return of service, it shall be lawful to serve *such company* with any and all legal process, by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes; PROVIDED, that in all cases of such service the defendant shall have forty days (exclusive of the day of service) within which to answer or plead.  This section shall be construed as giving an additional mode and manner of serving process and as not affecting the validity of any other valid service.' "  (Italics added)

Sections 5024 and 5025 were Sections 82 and 83, respectively of the Nevada Civil Practice Act of 1911.

We find these same sections unchanged as sections 8580 and 8581, respectively, in Nevada Compiled Laws of 1929.

The use of the words "such corporation" and "such company" (where italicized above) persuade me that where the Nevada Legislature in both the Act of 1889 and sections 82 and 83 of the Civil Practice Act of 1911 used the words "every incorporated company or association," it meant every incorporated company and every incorporated association and not every association incorporated or unincorporated, as plaintiff contends.

Section 81 of the Civil Practice Act of 1911, found in Section 8579 of N.C.L., 1929, read in part:

"The summons must be served by delivering a copy thereof attached to a certified copy of the complaint as follows:

"1. If the suit is against a corporation formed under the laws of this state; to the president or other head of the corporation, secretary, cashier, or managing agent thereof.

"2. If the suit is against a foreign corporation, or a *nonresident joint-stock company or association*, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary, or to an agent designated in section 82; or in the event no such agent is designated as provided in section 82, to the secretary of state or the deputy secretary of state, as provided in section 83." (Italics added)

Since the aforesaid section 81 of the 1911 Civil Practice Act immediately preceded and introduced the subject matter of sections 82 and 83, paragraph 2 of section 81 is persuasive.

Certainly in paragraph 2 above quoted of section 81 the Legislature had in mind a non-resident incorporated association and not a non-resident unincorporated association.

In City of Los Angeles, Cal. v. Eighth Judicial District Court, 1937, 58 Nev. 1, 67 P.2d 1019, the Nevada Supreme Court refused to apply N.C.L. sections 8580 and 8581 to a foreign municipal corporation.

At page 13, 67 P.2d at page 1023 the Court stated:

" * * * Besides, in sections 8580 and 8581, the Legislature refers to a foreign corporation as designated in section 8579, as a company, and while a proper signification of the word 'company' may include a corporation, it is not to be taken in the sense of a municipality. The intention of the Legislature should be derived from the sections mentioned, and we should not speculate beyond the reasonable import of words."

At page 370 of 41 Nev., at page 1047 of 170 P., the Supreme Court of this State v. Wildes v. Lou Dillon Goldfield Mining Company (supra) stated:

"This court has always held, and in this respect it is in conformity with the great weight of authority, that nothing less than a strict compliance with the statute providing for constructive service will confer jurisdiction. (Coffin v. Bell, 22 Nev. 169, 37 P. 240, 58 Am.St.Rep. 738.)"

In 1939 the Nevada Legislature amended the two said sections to make these constructive service sections applicable to foreign municipal corporations.

In Brockbank v. Second Judicial District Court, 1948, 65 Nev. 781, 201 P.2d 299, 301, at page 301, we find:

However, for constructive or substituted service of summons faithful observance of the statute is essential. 1929 N.C.L. 1941 Supp. Sec. 8582.

"In Coffin v. Bell, 22 Nev. 169, at page 183, 37 P. 240, 241, 58 Am.St. Rep. 738, Justice Bigelow said: 'Where constructive service of summons is relied upon to sustain a judgment, a strict compliance with the provisions of the statute is required (citing cases); otherwise the court obtains no jurisdiction over the defendant * * *.'

* * * * * *

"The case of Little v. Currie, 5 Nev. 90, is also cited in Perry v. District Court, 42 Nev. [284], at

[page] 291, 174 P. 1058, as authority for this similar statement: 'The statutory provision for acquiring jurisdiction over a defendant by any other than personal service must be strictly pursued; * * *.' "

Section 8580 and section 8581, N.C.L., as found in the 1931–41 Supplement, reflects two amendments, one in 1933 and one in 1939. The 1933 amendment has no relevancy here. In 1939 the Legislature, by amendment, made the said sections specifically applicable to foreign municipal corporations.

Nevada Revised Statutes, section 14.-020 and section 14.030, as revised in 1957, reads substantially the same as did sections 8581 and 8582 N.C.L. (1931–41 Supplement), following the 1939 amendment.

Although after the 1939 amendment the word "association" rather than the words "corporation" or "company" appears more often in the said sections than before, it should be noted that N.R.S. § 14.030, 3 and 4 reads:

"3. Before such service shall be authorized, the plaintiff shall make or cause to be made and filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of such company, association or municipal corporation, and the facts showing that direct or personal service on, or notice to, *such corporation* cannot be had. (Italics added)

"4. If it shall appear from such affidavit that there is a last-known address of such company, association or municipal corporation, or any known officers thereof, the plaintiff shall, in addition to and after such service on the secretary of state, mail or cause to be mailed to *such corporation*, or to such known officer, at such address, by registered mail, a copy of the summons and a certified copy of the complaint, and in all such cases the defendants shall have 40 days from date of such mailing with-

in which to appear in the action." (Italics added)

Furthermore N.R.S. § 14.020 provides that vacancies in the position of resident agent shall be filled.

" * * * by such incorporated company or association in the manner required by N.R.S. 80.070."

Chapter 80, N.R.S. is entitled "Foreign Corporations."

In the light of the history of this legislation, as well as from the language of the said sections as they read today, I hold that N.R.S. § 14.020 and § 14.030 do not govern foreign or non-resident unincorporated associations owning property or doing business in the State of Nevada, but said sections are limited to foreign corporations.

For the foregoing reason the motion to quash the purported service of process upon defendant International and defendant Local is granted.