Margarita DE LA CRUZ, Plaintiff,

v.

Lorraine DUFRESNE, Marlene Andreasen, Clerk, Storey County, Leah Pecoraro, Irene Orr, Ellie Curtis, Jessie Glasscock, and Cora Tallent, the General Election Board of Storey County, Nevada, William Swackhammer, Secretary of the State of Nevada, David Howard; Michael E. Fondi, Judge of the First Judicial District Court of the State of Nevada in and for Carson City; and John Does I through X, Defendants.

No. CIV–R–80–262–ECR.

United States District Court, D. Nevada.

Jan. 5, 1982.

Seymour H. Patt, Reno, Nev., for plaintiff.

Walter T. Lloyd, Reno, Nev., for defendant DuFresne.

Donald Klasic, Deputy Atty. Gen., Carson City, Nev., for defendants Swackhammer, Howard and Fondi.

John A. Flangas, Reno, Nev., for defendants M. Andreasen and I. Orr.

Daniel R. Walsh, Carson City, Nev., for defendants L. Pecoraro, E. Curtis and J. Glasscock.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter has come before the Court on two motions for summary judgment, one on behalf of defendants Swackhammer, Howard and Fondi, and the other on behalf of defendants Pecoraro, Curtis and Glasscock. The plaintiff has resisted both motions. The motions are supported by affidavits, transcripts of depositions, and photocopies of documents, as well as memoranda of points and authorities. The plaintiff's opposition relies on memoranda of points and authorities, photocopies of four newspaper articles, and documents submitted by said defendants in support of their motions. The headlines on the newspaper articles

submitted are "Citizens ask for Storey voter probe," "Conforte power ending?", "Storey County Clerk takes 80 names off voter rolls" and "20 percent of Storey voters are ruled illegal." Oral argument has been heard, and the Court feels fully advised.

This action has been brought under the Civil Rights Act. At all times material, the plaintiff was a prostitute in a legal brothel situate in Storey County, Nevada. A written challenge to her right to vote was upheld by the County's election board when she provided no documentary proof, on election day, that she was a resident of Storey County. The challenge was entertained by the board pursuant to an ex parte order handed down by defendant Judge Fondi on November 3, 1980, the afternoon before the election. Originally a similar challenge had been refused upon the advice of the Storey County District Attorney, who had declared that it was legally insufficient.

The complaint alleges that the plaintiff resides and works in Storey County and was properly registered to vote there. It contends that the cancellation of her voter registration was arbitrary and capricious and wrongfully deprived her of her voting rights. The pleading further alleges a conspiracy among various defendants to deprive the plaintiff of her voting rights. The prayer demands that she be restored to the list of registered voters and asks for general and punitive damages.

The supporting papers to the motion for summary judgment on behalf of defendants Swackhammer, Howard and Fondi identify them respectively as the Nevada Secretary of State, the Chief Deputy Secretary of State, and the District Judge of the First Judicial District Court of the State of Nevada. The counties of Storey and Carson City constitute the First Judicial District. NRS 3.010.

It is urged in those papers that Judge Fondi's order, which was in a State court lawsuit to which the plaintiff herein was not a party, could not legally have caused any injury to her because it merely ordered the Storey County Clerk to receive for fil-

ing ninety-nine challenges to the qualifications of voters made by defendant DuFresne. Although the plaintiff was one of the voters challenged, the order did not require that the election board uphold any of the challenges. In addition, it is asserted that Judge Fondi enjoys absolute immunity in this case because his actions were as a judge. The plaintiff seeks to overcome such immunity by pointing out that the ex parte order was handed down in Carson City, rather than in Storey County. As a result, Judge Fondi was acting without jurisdiction, in the eyes of the plaintiff.

The affidavit of defendant Swackhammer discusses his duties, as Secretary of State, in connection with the administration of elections. He asserts that he sent his chief deputy, defendant Howard, to Storey County to review voter registration with the County Clerk. Further discussions, in which Mr. Swackhammer participated, followed. He then made suggestions, by letter, to the County Clerk with regard to removing from the voter registration rolls persons who were improperly registered. However, the record before the Court in these summary judgment proceedings does not indicate that any voting registration of the plaintiff ever was cancelled because of Mr. Swackhammer's letter or because of the activities of Mr. Howard. The plaintiff's registration was cancelled on December 1, 1980, on account of allowance by the Storey County Election Board of a challenge made on November 4, 1980.

The plaintiff contends that a conspiracy or joint action between defendant DuFresne and defendant Swackhammer is demonstrated by the similarity between Mr. Swackhammer's letter to defendant Andreasen, dated October 4, 1979, instructing County Clerk Andreasen to cancel, pursuant to NRS 293.540(9), those affidavits of voter registration that listed a business address for the registrant's residence address— "One's place of employment does not constitute one's residence"—and defendant DuFresne's challenge to the plaintiff's voter registration, which challenge contains an allegation that the plaintiff "... registered giving ... her place of employment as residence NRS 293.497 which stipulates 'If a man has a family residing in one place and he does business in another, the former is his residence, ....'"

The Swackhammer letter to Andreasen is attached as an exhibit to the complaint, but has not been properly submitted to the Court for consideration in these summary judgment proceedings. Even if that letter was before the Court in accordance with the requirements of Fed.R.Civ.P. 56(e), it could not be inferred from the quoted phrase in the challenge that it had been derived from the Swackhammer letter or that there had been any contact between defendants Swackhammer and DuFresne.

The same situation exists as to a letter dated October 29, 1980, from defendant Andreasen to Storey County District Attorney Jack Christensen; that is, it is attached to the complaint as an exhibit, but has not been properly presented to the Court for consideration in connection with these summary judgment proceedings. In that letter Mrs. Andreasen expressed her opinion that the DuFresne voter registration challenges were correct and legally sufficient, but stated that she would refuse to accept those challenges on the basis of the District Attorney's formal legal advice. The face of the letter reflects that carbon copies were sent to defendants DuFresne and Swackhammer. In light of the interest manifested by both of those defendants in voter registration in Storey County, the sending to them of the carbon copies does not give rise to an inference that they were working together or even knew of each other's activities.

It must, therefore, be concluded that there is no evidence that anything defendants Swackhammer or Howard did had any legal effect on the plaintiff's voting registration or voting rights. Further, there is no evidence that ties the activities of Swackhammer or Howard to the activity of DuFresne in challenging the plaintiff's qualifications to vote in Storey County.

Certified portions of a transcript of the deposition of Judge Fondi show that he

refused to consider issuing a restraining order the day before the November 4, 1980, election, because of the need for notice and the opportunity to be heard. After a hearing in his chambers in Carson City, however, Judge Fondi did enter the ex parte order, dated November 3, 1980, requiring the Clerk of Storey County to receive for filing defendant DuFresne's ninety-nine challenges and to deliver them to the election board. During that hearing he was told that an order requiring the Storey County Clerk to accept for filing certain election challenges was all that was being sought. The need for the order was occasioned by the Clerk's prior refusal to receive and file such challenges, on advice of the District Attorney. Judge Fondi testified at his deposition that he felt the Clerk's refusal even to file the challenges was erroneous. Acceptance or rejection of election challenges is the responsibility of the election board, the Judge said, and not the District Attorney or County Clerk. He further expressed his opinion that he had authority to sign orders concerning proceedings in either Carson City or Storey County in either place, as they both are in the Judge's district (First Judicial District). He emphasized that his order was aimed at getting the challenges to be duly considered, and not at any desired outcome.

The motion for summary judgment on behalf of defendants Pecoraro, Curtis and Glasscock identifies them as members of the Storey County election board. The supporting memorandum of points and authorities designates portions of the transcript of the plaintiff's deposition, wherein she revealed that she always has kept an apartment in Washoe County, and was there on election day, which was November 4, 1980. She received a telephone call from the brothel where she was employed, telling her to go vote. She then drove to the polling place in Storey County. There, she was advised of the challenge and asked to produce proof of her residence in Storey County. She had none, although she suggested that the election board should review the Sheriff's file at the county seat of Storey County. As it turns out, a copy of the document in the Sheriff's file, namely, a work permit, shows that the plaintiff listed a Washoe County address. The document is attached to the moving papers as an exhibit. Further, at the time in question her driver's license and auto registration listed a Washoe County address for her. Her testimony at deposition reveals that her furniture and the bulk of her clothes also were kept at the Washoe County address, as was her cat.

The moving defendants, all members of the election board, insist that they were merely fulfilling their responsibilities in questioning the plaintiff about her residence. *See* NRS 293.303. Further, the evidence reveals that the plaintiff was not a legal resident of Storey County, they contend, therefore they did not unlawfully deprive her of voting rights. Finally, they maintain that the doctrine of qualified immunity protects them from this lawsuit.

The affidavit of the moving defendants (Pecoraro, Curtis and Glasscock) recounts their appointment to the Election Board of the River District, Storey County, Nevada, and their attendance at an election school conducted by the Secretary of State's office. The school taught them to question voters whose registration had been challenged. On election day they were given a number of challenges, including one against the plaintiff herein. They also were given a copy of Judge Fondi's order.

When the plaintiff arrived to vote, the members of the Election Board, in accordance with what they understood to be their legally prescribed authority, requested her to produce some documentary proof that she was a Storey County resident. She answered that she had none with her, and refused to go home to get any such proof. At the time, the Election Board had before it the following:

(a) The plaintiff's affidavit of registration, dated August 9, 1980, listing a Storey County residence address;

(b) The plaintiff's statement that she resided in Storey County; and

(c) Defendant DuFresne's affidavit of challenge.

The plaintiff's attorney, who was present, sought to present evidence to the Board by questioning the plaintiff, but the Board refused to allow him to continue, on the ground that only Board members should ask such questions. Apparently the Board was interpreting literally NRS 293.303(7), which reads: "The election board officers may test the qualifications of the challenged person by asking any relevant question which such officers consider necessary to arrive at a decision."

By majority vote, the Board determined that the plaintiff should not be allowed to vote.

*Discussion.*

Both the State Constitution (Art. 2, Sec. 1) and statute (NRS 293.485) require residence in the county of registration as a condition precedent to having the right to vote. A person's place of business or post office address is not per se the equivalent of his residence. *See Foster v. Lewis*, 78 Nev. 330, 372 P.2d 679 (1962); *Wildes v. Lou Dillon Goldfield Mining Co.*, 41 Nev. 364, 170 P. 1046 (1918); cf. *Stinson v. Sweeney*, 17 Nev. 309, 30 P. 997 (1883). Clearly, identification of the plaintiff's place of residence was relevant to her right to vote. Upon challenge, as occurred here, the election board members had a right to ask any relevant question of the challenged voter as may be considered necessary to arrive at a decision. NRS 293.303.

The copies of newspaper articles attached to the plaintiff's memoranda of points and authorities are hearsay. *United States v. Crocker-Anglo National Bank*, 277 F.Supp. 133, n.36 (N.D.Cal.1967); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 513 F.Supp. 1100, n.198 (E.D.Pa.1981); *United States v. Baskes*, 433 F.Supp. 799 (N.D.Ill.1977). As such, they may not be considered on a motion for summary judgment. *Daily Press, Inc. v. United Press International*, 412 F.2d 126 (6th Cir. 1969).

Judge Fondi possessed the authority to hand down his ex parte order in Carson City even though it involved proceedings in Storey County. This proposition is well supported by both statute and case law. NRS 3.220; *Twaddle v. Winters*, 29 Nev. 88, 85 P. 280 (1906); *Walker v. Reynolds Elec. & Eng'r. Co.*, 86 Nev. 228, 468 P.2d 1 (1970); *Roberts M. & M. Co. v. District Court*, 56 Nev. 299, 50 P.2d 512 (1935).

Although it is arguable whether there was a case pending within the intendment of the Nevada Rules of Civil Procedure at the time Judge Fondi entered the order of November 3, 1980, there was no clear absence of jurisdiction for him to entertain the proceedings which led to entry of the order. A judge has absolute immunity unless he acts with a clear lack of jurisdiction and in other than a judicial capacity. *Beard v. Udall*, 648 F.2d 1264 (9th Cir. 1981). Judge Fondi had subject matter jurisdiction to enter this kind of order. *See* Nev.Const. Art. 6, § 6; cf. NRS 4.370. The fact that he took evidence in chambers would not deprive him of subject matter jurisdiction. This is the sort of thing one goes to a judge for. Therefore he was acting in a judicial capacity.

Further, in the light of the factual record before this Court, there is no basis for any liability to be attributed to defendants Swackhammer and Howard. Their actions were not the proximate cause of any injury to the plaintiff, *Arnold v. Intern. Business Machines*, 637 F.2d 1350 (9th Cir. 1981), and do not provide legal justification for granting an injunction against them. *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496 (9th Cir. 1980).

As officials of the executive branch of government, election board members would appear entitled to qualified immunity as to their acts. Such immunity exists where there were reasonable grounds for the official's belief formed at the time and in light of the circumstances, coupled with a good-faith belief in the propriety of the acts. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

A defendant's good faith defense is a mixed question of law and fact. Where issues of motive exist, summary judgment is seldom granted. *Hayden v. Rand Corp.*,

605 F.2d 453, n.2 (9th Cir. 1979). A genuine issue of material fact appears to exist as to whether defendants Pecoraro, Curtis and Glasscock acted in good faith. In the trial of this case it would be anticipated, among other things, that the plaintiff would endeavor to present evidence that at the times herein-material she was a resident of Storey County, Nevada, and, therefore, constitutionally entitled to vote there. Defendants Pecoraro, Curtis and Glasscock, it would be anticipated, then would present evidence that their decision was made in good faith in light of the circumstances, and that there was no reasonable basis for knowing that their conduct of the hearing would result in the overriding of the plaintiff's constitutional rights.

IT IS, THEREFORE, HEREBY ORDERED that the motion of defendants Pecoraro, Curtis and Glasscock for summary judgment be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment of defendants Swackhammer, Howard and Fondi shall be GRANTED, and the Clerk of Court shall enter such judgment in their favor.